**AUTO TRANSPORTES GACELA S.A. DE C.V.**

v.

**BORDER FREIGHT DISTRIBUTING AND WAREHOUSE, INC., and Tony Donovan and Wife, Geraldine Flores Donovan**

v.

**MATTEL, INC. d/b/a Mattel Toys.**

**Civ. A. No. L–92–64.**

United States District Court, S.D. Texas, Laredo Division.

June 23, 1992.

**1472**

Eduardo Jaime, Laredo, Tex., for plaintiff.

Guadalupe Castillo, Zaffirini & Castillo, Laredo, Tex., for defendants.

Charles R. Borchers, Person, Whitworth, Ramos, Borchers & Mor, Laredo, Tex., for third-party defendant.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending is Plaintiff's motion to remand this case to state court. This case was not removed by the original Defendants but rather by the Third-party Defendant, Mattel, Inc. The original Defendants, who did not join in the removal notice, have been in the case since 1990. Although there appears to be diversity of citizenship between them and the Plaintiff, they could not have removed because the Donovan Defendants are Texas citizens. 28 U.S.C. § 1441(b).

Mattel contends that removal is justified under the authority of *Carl Heck Engineers v. Lafourche Parish Police*, 622 F.2d 133 (5th Cir.1980). That decision allowed removal by a third-party defendant under the "separate and independent claim" provision of 28 U.S.C. § 1441(c). That provision, however, has been recently amended, and the amendment removes the underpinnings of the *Lafourche* decision. Under the current version of § 1441(c), a "separate and independent claim" can justify removal only if that claim is within the jurisdiction conferred by 28 U.S.C. § 1331, *i.e.,* federal question jurisdiction. The Court finds nothing in the pleadings of this case raising federal question jurisdiction nor does Mattel claim such jurisdiction. Instead, Mattel relies solely upon § 1332, diversity of citizenship. Therefore, removal under § 1441(c) would no longer be available.

There is a second reason why this case is not removable. The same recent amendments to the removal statutes also provide that a case may no longer be removed on the basis of § 1332 jurisdiction "more than 1 year after commencement of the action." Section 1446(b). The file reflects that this case was originally filed in state court on March 14, 1990. The original Defendants were served in April, 1990. The removal by Mattel occurred on May 13, 1992, more than 1 year after the commencement of the state court action.

For both of the foregoing reasons, the motion to remand is GRANTED.