Theresa C. **BAYLOR**, et al., Plaintiffs,

v.

**DISTRICT OF COLUMBIA,**
**Defendant/Third Party**
**Plaintiff,**

v.

**COUNTY OF LASALLE, TEXAS,**
**Third Party Defendant.**

Civ. A. No. 93–2053 (JHG).

United States District Court,
District of Columbia.

Nov. 29, 1993.

Samuel M. Shapiro, Rockville, MD, and R. Kenneth Mundy, Washington, DC, for plaintiffs.

Leonardo R. Knight, Asst. Corp. Counsel, D.C., Washington, DC, for defendant and third-party plaintiff.

James W. Hopper, Richmond, VA, for third-party plaintiff.

## MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

This matter is before the Court on the petition of third party defendant, County of LaSalle, Texas ("LaSalle"), for removal from the Superior Court of the District of Columbia ("Superior Court"), pursuant to 28 U.S.C. § 1441(c). LaSalle has also filed a motion under 28 U.S.C. § 1404(a) to transfer venue to the Southern District of Texas. Plaintiffs and defendant/third party plaintiff, District of Columbia ("District"), filed oppositions to the petition for removal. Although neither party raised the issue of subject matter jurisdiction in its opposition to the petition for removal, the Court must *sua sponte* examine the issue of subject matter jurisdiction. For the reasons expressed below, the Court concludes that it does not have subject matter jurisdiction over this action and remands this case to the Superior Court.

## I. *Background*

Plaintiffs are the personal representative and beneficiaries of the estate of Larry Alphonso Daniels, Jr. ("Daniels"), and Sean Thomas. At all times relevant to this case, Daniels and Thomas were inmates in the custody and care of the District. Pursuant to an agreement between LaSalle and the District, Daniels and Thomas were incarcerated in the LaSalle County Jail in Cotulla, Texas.

On or about November 6, 1991, Daniels and Thomas were each a victim of a stabbing and assault and battery allegedly committed by fellow inmates armed with knives. Daniels was killed in the incident and Thomas suffered severe personal injuries.

Plaintiffs initiated a lawsuit against the District on July 1, 1992. The five count complaint alleges negligence, survival, and wrongful death and seeks monetary damages.[1] The District answered the complaint on October 2, 1992, and, on May 6, 1993, filed a motion to join LaSalle as a third party defendant. This motion was granted on August 20, 1993, at which time the District filed a third party complaint. LaSalle answered the third party complaint and filed the instant petition for removal.

## II. *Discussion*

In support of its petition for removal, LaSalle relies upon 28 U.S.C. § 1441(c), which, according to LaSalle, provides:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

1. The Superior Court docket entries reflect five pages of activity in this action from its onset.

Brief in Support of Third Party Defendant's Petition for Removal ("Brief in Support of Removal") at 2. LaSalle seeks removal based on the fact that it is diverse from the District and the amount in controversy is in excess of the jurisdictional minimum for diversity. *See* Brief in Support of Removal at 2–3. LaSalle claims that the third party contractual indemnity claim "is separate and independent from plaintiffs' underlying wrongful death claim, and therefore, provides the basis for removal of the entire action." *Id.* at 3. LaSalle further claims that the contribution claims provide an additional "separate and independent" claim sufficient to justify removal. *Id.*

LaSalle's reliance on section 1441(c) as the basis for removal is entirely inappropriate. Apparently unbeknownst to LaSalle, section 1441(c) was amended as part of the Judicial Improvements Act of 1990. Section 1441(c) actually provides:

> Whenever a separate and independent claim or cause of action *within the jurisdiction conferred by section 1331 of this title* is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C.A. § 1441(c) (West Supp.1993) (emphasis added). The revised section 1441(c) went into effect on December 1, 1990, several years prior to the commencement of this action. *See* 28 U.S.C.A. § 1441, Commentary on 1990 Revision (West Supp.1993).[2]

The language of section 1441(c) expressly mandates that the "separate and independent claim or cause of action" must be "within the jurisdiction conferred by section 1331"—the federal question statute. This section does not authorize removal in cases that rely on

diversity of citizenship (section 1332)—precisely the issue in the instant case. Moreover, the commentary to the revised section 1441 unequivocally states:

> Congress kept the diversity jurisdiction and kept § 1441(c) as well, but made it inapplicable in diversity cases. Under the amendment, a removal under § 1441(c) is henceforth permitted only in a federal question case, i.e., a case in which jurisdiction of the claim that furnishes the removal basis is one that arises under federal law.
>
> \*   \*   \*   \*   \*   \*
>
> Whatever the reason for the 1990 amendment, the diversity case may no longer invoke removal under subdivision (c); only the federal question claim—a claim arising under federal law—will henceforth support a subdivision (c) removal.

28 U.S.C.A. § 1441, Commentary on 1990 Revision (West Supp.1993). *See* 14A Charles A. Wright, *et al., Federal Practice and Procedure* § 3724 (Supp.1993) at 99–100 (recognizing that § 1441(c) limits "removal to situations in which a federal question is joined with a separate and independent claim of a nonfederal nature").[3]

Further, there is an alternative basis to deny the petition for removal. Section 1446(b) indicates that "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." 28 U.S.C.A. § 1446(b) (Supp.1993). Plaintiff commenced this action on July 1, 1992. *See* Fed.R.Civ.P. 3. As a result, LaSalle's petition for removal, filed on August 25, 1993, is untimely.

Because LaSalle bases its petition for removal solely on diversity of citizenship, it is clear that this Court does not have subject matter jurisdiction over this case. In the alternative, the petition for removal must be

**2.** The only published decision regarding the revised statute is *Auto Transportes Gacela S.A. De C.V. v. Border Freight Distributing and Warehouse, Inc.*, 792 F.Supp. 1471 (S.D.Tex.1992). Ironically, this case is from the Southern District of Texas, Laredo Division, the very court to which LaSalle seeks to transfer this case. *See also Gracia v. Irvine*, 1992 WL 150093 (N.D.Tex. June 10, 1992).

**3.** Even the case that LaSalle relies upon in its petition for removal recognizes that the statute has been changed. *See Jones v. Petty–Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1066 n. 7 (5th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 193, 121 L.Ed.2d 136 (1992).

denied as untimely. Accordingly, this case shall be remanded to the Superior Court.

### III. *Conclusion*

For the reasons stated above, it is hereby

ORDERED that petition for removal of third party defendant County of LaSalle, Texas, is denied; it is

FURTHER ORDERED that the motion to transfer of third party defendant County of LaSalle, Texas, is denied; and it is

FURTHER ORDERED that this case be remanded to the Superior Court of the District of Columbia.

IT IS SO ORDERED.