**Cruz Hidalgo LUEVANO,
et al., Plaintiffs,**

v.

**DOW CORNING CORPORATION, Dow Corning Wright Corporation, Van Vanlandingham, Southwest Texas Methodist Hospital, et al., Defendants.**

Civ. A. No. DR–94–CA–22.

United States District Court,
W.D. Texas,
Del Rio Division.

Aug. 3, 1994.

Pat Maloney, Jr., Law Offices of Pat Maloney, San Antonio, TX, Tim Maloney, Law Offices of Tim Maloney, San Antonio, TX, for plaintiffs.

Gardner S. Kendrick, Cox & Smith, San Antonio, TX, John R. Henderson, Vial, Hamilton, Koch & Knox, L.L.P., Dallas, TX, for Dow Corning Corp., Dow Corning Wright Corp., and Van Vanlandingham.

Brad Smith Akin, Gresham, Davis, Gregory, Worthy & Moore, San Antonio, TX, for Southwest Texas Methodist Hospital.

Lisa A. Vance, Groce, Locke & Hebdon, San Antonio, TX, for Baxter Healthcare Corp.

Robert L. Soza, Jenkens & Gilchrist, P.C., San Antonio, TX, for McGhan Medical Corp., McGhan Nusil Corp., and Minnesota Mining and Mfg. Co.

## REMAND ORDER

BIERY, District Judge.

Before the Court is Plaintiffs' Motion to Remand filed June 22, 1994. The record shows the removal was procedurally and jurisdictionally defective. Therefore this case shall be remanded to state court.

The 134 Plaintiffs brought this suit in Texas state court against several manufacturers and/or sellers of silicon breast implants for alleged personal injuries resulting from the implants. On June 6, 1994, Defendants filed a notice of removal pursuant to 28 U.S.C. § 1441 to this Court on the basis of 28 U.S.C. § 1332 diversity jurisdiction. Plaintiffs move for remand to state court contending: the notice of removal was defective because it was not signed by all Defendants, the notice of removal was untimely, and this Court lacks diversity jurisdiction.

- i -

■ Title 28 U.S.C. § 1446(a) requires all defendants join in the notice of removal. *See Fontenot v. Global Marine, Inc.*, 703 F.2d 867, 870 n. 3 (5th Cir.1983). The notice of removal was not signed by Defendants Van Vanlandingham or Southwest Texas Methodist Hospital, and therefore is defective under § 1446(a).

- ii -

■ Section 1446(b) requires the notice of removal in a civil action:

be filed within thirty days after receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

.... [A] case may not be removed on the basis of [diversity] jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

The record shows Plaintiffs' complaint was filed April 6, 1991 and amended May 2, 1994. Defendants' notice of removal filed June 6, 1994 is not timely from the complaint or amended complaint. Moreover, the notice of removal was filed more than one year after commencement of the action. *See Baylor v. District of Columbia*, 838 F.Supp. 7, 9 (D.D.C.1993); *Auto Transportes Gacela, S.A. v. Border Freight Distrib. and Warehouse, Inc.*, 792 F.Supp. 1471, 1472 (S.D.Tex.1992). The notice of removal was untimely under § 1446(b).

- iii -

■ Defendants claim Defendants Van Vanlandingham and Southwest Texas Methodist Hospital (STMH) were fraudulently joined to destroy diversity. Where the removing party alleges fraudulent joinder was used to defeat diversity, the removing party bears the burden of proving there is no possibility under controlling state law of establishing a cause of action against the allegedly fraudulently joined party. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992); *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir.1992). In making this determination all disputed factual and legal questions are resolved in favor of the non-removing party. *Dodson*, 951 F.2d at 42.

This Court need "not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so." *Id.*

Even if STMH was fraudulently joined to destroy diversity (an issue this Court need not and does not decide), there is no showing Defendant Vanlandingham was fraudulently joined. Vandlandingham's Affidavit states: "While representing Dow Corning Wright from September 1978 through July 1993, my duties included sales and delivery of various implants used by orthopedic surgeons manufactured by Dow Corning Wright." Defendants admit Vanlandingham's sales "may bear some relationship to the claims asserted by [nine of the Plaintiffs]." Under Texas law, a corporate officer or employee may be personally liable for torts committed in the course of his employment. *L.C.L. Theatres, Inc. v. Columbia Pictures Indus., Inc.,* 619 F.2d 455, 457 (5th Cir.1980); *Guilbeau v. Anderson,* 841 S.W.2d 517, 519 (Tex.App.—Houston [14th Dist.] 1992); *N.S. Sportswear, Inc. v. State,* 819 S.W.2d 230, 232 (Tex.App.—Austin 1991); *Dorchester Gas Producing Co. v. Harlow Corp.,* 743 S.W.2d 243, 258 (Tex.App.—Amarillo 1987, *error denied* ). Vanlandingham's presence in this case is sufficient to destroy diversity; and because there is no diversity under § 1332 there is no basis for removal under § 1441.

- iv -

Defendants contend they were not properly joined in the same case. They assert that because this case involves severable claims, the Court should sever the claims against the diverse Defendants from those of the non-diverse Defendants, and the Court should remand to state court only the claims asserted against the non-diverse Defendants. This argument assumes this Court has authority to carve the case into its various components and retain jurisdiction of some of the causes of action while remanding the others to state court. This Court has no such authority in a diversity case. In 1990 "Congress amended Section 1441(c) of Title 28 to eliminate the availability of removal involving a 'separate or independent claim or cause of action' that falls within the diversity jurisdiction." 14A Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* 2d § 3724 at 122 (West 1994 supp.); *Baylor v. District of Columbia,* 838 F.Supp. at 9; *Auto Transportes Gacela, S.A. v. Border Freight Distributing and Warehouse, Inc.,* 792 F.Supp. at 1472; *Allsup v. Liberty Mutual Ins. Co.,* 782 F.Supp. 325, 327–28 & n. 3 (N.D.Tex.1991) (C.J. Sanders). Consequently, the unit of measure for determining diversity is the case as a whole, rather than the individual causes of action within the case. Moreover, diversity is determined at the time the case is removed from state court. *See FSLIC v. Griffin,* 935 F.2d 691, 696 (5th Cir.1991) (ruling that removal is not affected by later dismissal of party), *cert. denied,* 502 U.S. 1092, 112 S.Ct. 1163, 117 L.Ed.2d 410 (1992). The present case shows no diversity jurisdiction at the time of removal, and therefore this Court has no authority to order a severance of the non-diverse claims. *See Allsup v. Liberty Mutual Ins. Co.,* 782 F.Supp. at 329 (ruling where court had no diversity jurisdiction, court was without jurisdiction to order severance).

Accordingly, Plaintiffs' Motion to Remand is **GRANTED** and this case **REMANDED TO THE 365TH TEXAS JUDICIAL DISTRICT COURT.** Plaintiffs' request for attorneys fees is **DENIED.** All other pending motions are **DENIED AS MOOT** and deferred to the state court.