**William J. NEIBUHR, Plaintiff,**

v.

**NATIONAL RAILROAD PASSENGER CORPORATION d/b/a Amtrak, Defendant/Third–Party Plaintiff,**

v.

**COACH AND CAR EQUIPMENT CORPORATION,**

and

**TMB Associates, Inc., Third–Party Defendants.**

Civil Action No. 96–2479–LFO.

United States District Court, District of Columbia.

Feb. 27, 1997.

---

Francis P. Hajek, Wilson, Hajek & Shapiro, P.C., Virginia Beach, VA, for William J. Neibuhr.

Joseph S. Crociata, Joseph J. Bottiglieri, Gilberg & Kurent, Washington, DC, for National R.R. Passenger Corp.

Jeffrey R. Schmieler, Gregory R. Black, Saunders & Schmieler, Silver Spring, MD, for Coach and Car Equipment Corp.

## MEMORANDUM

OBERDORFER, District Judge.

On or about February 7, 1994, plaintiff William Neibuhr, an engineer employed by defendant National Railroad Passenger Corporation (d/b/a Amtrak), was operating a train traveling from Washington, D.C. to Philadelphia, Pennsylvania. En route, he alleges that his locomotive seat broke causing him to fall to the floor and sustain bodily injury.

### I.

On February 23, 1996, plaintiff sued Amtrak in the Superior Court for the District of Columbia pursuant to the Federal Employers Liability Act, 45 U.S.C. § 51–60, and the Boiler Inspection Act, 45 U.S.C. § 23.

A September 30, 1996 Superior Court Order granted Amtrak leave to file a third-party complaint. On October 4, 1996, Amtrak filed a third-party complaint against Coach and Car Equipment Association ("Coach") and TMB Associates, who Amtrak alleges designed, manufactured, sold, and distributed the allegedly defective engineer's seat. On October 28, 1996, Coach removed both the original action (Neibuhr v. Amtrak) and the third-party action (Amtrak v. Coach and TMB Associates) to this Court.

On November 4, 1996, Neibuhr moved to remand both the original action and the third-party action to the Superior Court for the District of Columbia. Neibuhr also moved for sanctions, alleging that Coach had no basis to remove these actions. On November 22, 1996, Coach opposed Neibuhr's motion to remand the third-party action but consented to Neibuhr's motion to remand the original action. On November 27, 1997, Neibuhr withdrew his motion for sanctions against Coach because Coach consented to remanding the original action to the Superior Court for the District of Columbia. On No-

vember 27, 1997, Amtrak opposed any effort to bifurcate the original action and the third-party action. It requested that both actions either remain in this Court or be remanded to the Superior Court for the District of Columbia.

### II.

28 U.S.C. § 1441 is the provision of the United States Code governing removal of cases from state courts. Section 1441 contains five subdivisions. Coach's October 28, 1996 notice of removal and its opposition to Neibuhr's motion to remand, however, are unclear as to which subdivisions of 28 U.S.C. § 1441 Coach relies upon in removing these actions. Coach's notice of removal refers to 28 U.S.C. § 1441 generally but does not cite a subdivision. Coach's opposition to Neibuhr's motion to remand invokes § 1441(*a*), see Opp. at 3 n. 2, but the argument actually relies upon § 1441(*c*). Coach's lack of precision is immaterial because it cannot rely on either § 1441(a) or (c).

### A.

Coach cannot rely upon 1441(c) because (i) circuits are split as to whether a third-party defendant is authorized remove *any* case to district court pursuant to this subdivision; (ii) even if a third-party defendant can exercise such a power, plaintiff erroneously relies upon diversity jurisdiction to effect removal, which is explicitly barred by § 1441(c); and (iii) even in the absence of the aforementioned, Coach's third-party action cannot be removed to this court because it is not "separate and independent" from the original action.

Neibuhr's original action against Amtrak was based, in part, on the Federal Employers' Liability Act, 45 U.S.C. § 51–60. It is not disputed that prior to the point at which Amtrak filed its third-party complaint, this case was not removable to this court. 28 U.S.C. § 1445(a) states:

A civil action in any state court against a railroad or its receivers or trustees, arising under §§ 51–60 of Title 45 [FELA], may not be removed to any District Court of the United States.

Once Amtrak filed its third-party complaint against Coach and TMB Associates, however, 28 U.S.C. § 1441(c) authorized removal of the original action and the third-party action under certain conditions. 28 U.S.C. § 1441(c) provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Contrary to Coach's assertions, this subdivision does not apply here. As an initial matter, the courts are divided as to whether this subdivision authorizes a third-party defendant such as Coach to remove a case to district court. Both parties fail to recognize that at least two Circuits and two leading commentators on civil procedure have concluded that 28 U.S.C. 1441(c) does not authorize a third-party defendant to remove an action to district court. *See Thomas v. Shelton,* 740 F.2d 478, 486 (7th Cir.1984) (Posner, J.) holding that in "broad run of third-party cases" the third-party defendant may not remove under § 1441(c); *Lewis v. Windsor Door,* 926 F.2d 729 (8th Cir.1991); 14A *C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure,* § 3724 at 389–91 (2d ed.1985); 1A *J. Moore & B. Ringle, Moore's Federal Practice* P 0.167 (2d ed.1990). One Circuit has reached the opposite conclusion. *Carl Heck Engineers v. Lafourche Parish Police Jury,* 622 F.2d 133, 136 (5th Cir.1980) (holding third-party defendants sued under a separate and independent claim can remove). This Circuit has not addressed this issue. This Memorandum expresses no opinion as to this issue because Coach's notice of removal is deficient on two other grounds.

■ First, Coach's notice of removal is deficient because it relies upon diversity jurisdiction to effect removal, which is explicitly barred by § 1441. Coach argues in its notice of removal and its opposition to Neibuhr's motion to remand that this court may exercise jurisdiction over the third-party claim because diversity of citizenship is complete

between Amtrak (third-party plaintiff) and Coach (third-party defendant). Coach predicates its removal, therefore, on the fact that this court can exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332. Coach fails to recognize, however, that 28 U.S.C. § 1441(c) may only be invoked "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by *section 1331* of this title is joined with one or more otherwise non-removable claims or causes of action." 28 U.S.C. § 1441(c). Section 1331 is the federal question statute. There is no claim of "federal question" jurisdiction under 28 U.S.C. § 1331 in this action. This court has already recognized that, pursuant to a 1990 Amendment, a removal under 28 U.S.C. § 1441(c) must be predicated upon federal question jurisdiction only and not diversity jurisdiction. *Baylor v. District of Columbia,* 838 F.Supp. 7 (D.D.C.1993), stated that Section 1441(c):

> [D]oes not authorize removal in cases that rely on diversity of citizenship (section 332).... [A] removal under § 1441(c) is henceforth permitted only in a federal question case, *i.e.,* a case in which jurisdiction of the claim that furnishes the removal basis is one that arises under federal law ... Whatever the reason for the 1990 amendment, the diversity case may no longer invoke removal under subdivision (c); only the federal question claim—a claim arising under federal law—will henceforth support a subdivision (c) removal.

*Id.* at 9 (citing commentary to section 1441(c)).

The 1990 Amendment became effective over 5 years prior to the date that Neibuhr filed his original complaint in Superior Court.

■ Second, Coach also cannot remove this action to this court because it cannot demonstrate that its third-party action is "separate and independent" from the original action. 28 U.S.C. § 1441(c). A "separate and independent" action does not exist if there is "a single wrong to plaintiff ... arising from an interlocked series of transactions." *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95

L.Ed. 702 (1951). Claims are not deemed "separate and independent" if "they are substantially derived from the same facts." *Lewis v. Louisville & Nashville R. Co.,* 758 F.2d 219, 221 (7th Cir.1985); *see also New England Concrete Pipe Corp. v. D/C Systems of New England,* 658 F.2d 867, 874 n. 12 (1st Cir.1981). Claims are not "separate and independent" merely because "the petition contains separate prayers for relief ... multiple theories of recovery, [or] separate counts." *Alfalfa Cubes, Inc. v. Dutton,* 618 F.Supp. 1425, 1427 (D.Kan.1985).

In the instant case, a "separate and independent" third-party action does not exist because there is, in fact, "a single wrong to plaintiff ... arising from an interlocked series of transactions." *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). Neibuhr seeks recovery from one set of facts: namely, bodily injury allegedly caused when his chair broke. As a result, the substantive determinations in the original and third-party actions are also similar. Neibuhr in the original action and Amtrak in the third-party action assert claims of strict liability and negligence concerning the same set of facts. Bifurcating these two proceedings would unnecessarily burden the courts because it would require the adjudication of the same issues in two different forums. Bifurcation would also unnecessarily burden Amtrak by requiring it to appear in two different forums to adjudicate the same issues. Bifurcation would also frustrate the purpose of the September 30, 1996 Superior Court Order that granted Amtrak leave to file its third-party complaint against Coach and TMB Associates.

 In addition, an otherwise removable claim cannot be deemed "separate and independent" where, as here, it is contingent in some way on plaintiffs nonremovable claim. *See, e.g., Moore v. United Services Automobile Ass'n,* 819 F.2d 101, 103 (5th Cir.1987); *Snow v. Powell,* 189 F.2d 172, 174 (10th Cir.1951). "That is precisely the situation that exists when a party accused of negligently causing another's injury seeks contribution from a joint tortfeasor. The negligent acts alleged against each of the joint tortfeasors may differ, but the injury for which relief is sought is the same and 'the underlying occurrences giving rise to the actions against the various defendants was an integrated transaction.' " *Mignogna v. Sair Aviation, Inc.,* 679 F.Supp. 184 (N.D.N.Y.1988), citing *Gardner and Florence Call Cowles Foundation v. Empire Inc.,* 754 F.2d 478, 481 (2d Cir.1985). In this case, Amtrak brought the third-party action seeking to join Coach and TMB Associates as tortfeasors in this action. The third-party action, therefore, is contingent on the original action and not "separate and independent" from it.

**B.**

 Finally, Coach cannot rely upon 28 U.S.C. § 1441(a) to effect removal because that subdivision does not apply to third-party defendants seeking removal. 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

As a third-party defendant, Coach's only recourse is 28 U.S.C. § 1441(c). Section 1441(a) applies only to original, not third-party, defendants. *Lewis v. Windsor Door, Co.,* 926 F.2d 729, 732–33 (8th Cir.1991); *Thomas v. Shelton,* 740 F.2d 478, 482 (7th Cir.1984); 14A *Wright and Miller,* § 3731 at 502.

Accordingly, an accompanying order remands the original action and the third party action to the Superior Court for the District of Columbia.

### ORDER

For reasons stated in an accompanying Memorandum, it is this 27th day of February 1997 hereby

ORDERED: that Neibuhr's motion to remand the original action and third-party ac-

tion (4–1) to the Superior Court of the District of Columbia is GRANTED; and it is further

ORDERED: that this case, in its entirety, is REMANDED to the Superior Court of the District of Columbia.