982 F.Supp. 671 (1997)
Gayron LYTLE, et al., Plaintiffs,
v.
Randall LYTLE, Defendant.
No. 4:97CV2017 CDP.
United States District Court, E.D. Missouri, Eastern Division.
November 5, 1997.
*672 Ronald Fralicx, Beck and Tiemeyer, St. Charles, MO.
Theresa Hagans, Jacobs Law Office, St. Louis, MO.
Mitchell Jacobs, Jacobs Law Office, St. Louis, MO.
Eric Wulff, Beck and Tiemeyer, St. Charles, MO.

MEMORANDUM AND ORDER
PERRY, District Judge.
This matter is before the Court on a motion to remand filed by Randall Lytle, who is a defendant and a third-party plaintiff in this action. He asserts five separate grounds in support of this motion, but the Court need address only one of them. Because the removal was untimely, the Court will remand this case to state court.

I. Background

Plaintiff Gayron Lytle ("Moe") is a citizen of Tennessee. Defendant Randall Lytle ("Randall") is a citizen of Missouri. Moe was at all relevant times the majority shareholder and an officer or director of plaintiff Record-Wide Distributors, Inc. ("Record-Wide"), a Missouri corporation. In 1976, Moe sold Randall twenty-five percent of Record-Wide's stock. From approximately 1976 through at least February 1993, Randall served as a director, vice-president, and treasurer of Record-Wide.
Third-party defendant International Marketing Group, Inc. ("IMG"), is a Delaware[1] corporation. Third-party defendant Gusto Records, Inc. ("Gusto"), is a Tennessee corporation, and IMG's predecessor in interest. Moe is the president, chief executive officer, and sole shareholder of both IMG and Gusto.
On or about April 4, 1996, Moe filed an action against Randall in the Circuit Court of the County of St. Louis. Moe brought this action individually and on behalf of Record-Wide. *673 Moe's state court petition alleges five state law claims arising out of Randall's allegedly deficient and improper operation of Record-Wide. On June 17, 1997, Randall filed in the state court action a thirteen-count counterclaim and third-party petition against Moe, Record-Wide,[2] IMG, and Gusto. In the counterclaim and third-party petition, which Randall filed as an individual and on behalf of Record-Wide, he accused Moe and the third-party defendants of engaging in various wrongdoing with respect to their dealings with Record-Wide. The petition listed the following twelve state law claims, all involving Record-Wide: (1) breach of fiduciary duty (against Moe, IMG, and Gusto), (2) negligence (against Moe, IMG, and Gusto), (3) tortious interference with contracts and business expectancies (against Moe, IMG, and Gusto), (4) fraudulent misrepresentation (against Moe, IMG, and Gusto), (5) fraudulent concealment (against Moe, IMG, and Gusto), (6) conversion (against Moe, IMG, and Gusto), (7) negligence per se for violation of RSMo § 351.327 (against Moe), (8) negligence per se for violation of RSMo § 351.400 (against Moe), (9) declaratory judgment for violation of § 351.327 (against Moe, IMG, and Gusto), (10) declaratory judgment for violation of § 351.400 (against Moe, IMG, and Gusto), (11) constructive trust (against Moe, IMG, and Gusto), and (12) accounting (against Moe, IMG, and Gusto). In the petition's thirteenth and final count, Randall, as an individual, sought recovery of fair storage fees against Record-Wide.
On August 25, 1997, Randall filed an "amended answer, counter-claim, and third-party petition," that added additional state law claims, including claims for fraudulent misrepresentation (against Moe, IMG, and Gusto), fraudulent concealment (against Moe, IMG, and Gusto), negligent misrepresentation (against Moe, IMG, and Gusto), breach of contract and request for accounting (against Moe), and fraudulent misrepresentations and request for accounting (against Moe).
On October 1, 1997, third-party defendants IMG and Gusto filed a notice of removal in this Court, invoking the Court's diversity jurisdiction.

II. Discussion

Section 1446 of title 28 of the United States Code governs the procedure for removal of an action from a state court to a federal district court. The section provides, in pertinent part:
If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (emphasis added).
Removal statutes are to be construed narrowly. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir.1996), cert. denied, ___ U.S. ____, 117 S.Ct. 1349, 137 L.Ed.2d 506 (1997); Tech Hills II v. Phoenix Home Life Mut. Ins. Co., 5 F.3d 963, 968 (6th Cir.1993). The language of § 1446 is unambiguous; it plainly prohibits removal on diversity grounds of a case that was commenced in state court more than a year prior to its removal. Caterpillar Inc. v. Lewis, ___ U.S. ____, ____, 117 S.Ct. 467, 473, 136 L.Ed.2d 437 (1996); In re Burns & Wilcox, Ltd., 54 F.3d 475, 476 n. 4 (8th Cir.1995). The running of this one-year period begins at the filing of the complaint  not at the time that the case becomes removable. See Beisel v. Aid Ass'n for Lutherans, 843 F.Supp. 616 (C.D.Cal.1994) (plaintiff added non-diverse defendant to defeat removal and effectuate remand; on remand, state court dismissed non-diverse defendant; nonetheless, second removal held untimely under one-year rule); *674 Baylor v. District of Columbia, 838 F.Supp. 7, 9 (D.D.C.1993) (case may not be removed on basis of diversity jurisdiction more than one year after commencement of action); Hedges v. Hedges Gauging Serv., Inc., 837 F.Supp. 753, 754-55 (M.D.La.1993) (regardless of when a diversity case becomes removable, state court action cannot be removed to federal court more than one year after commencement of action in state court; it is Congress' responsibility, not that of the courts, to rewrite the removal statute to eliminate abuses or to make exceptions); Perez v. General Packer, Inc., 790 F.Supp. 1464, 1469 (C.D.Cal.1992) (removal unavailable to defendants added two and one-half years after state case was commenced); Santiago v. Barre Nat'l, Inc., 795 F.Supp. 508 (D.Mass.1992) (where plaintiff settled claim against nondiverse defendant approximately eighteen months after suit's commencement, suit could not thereafter be removed by remaining diverse defendant); Auto Transportes Gacela S.A. De C.V. v. Border Freight Distrib. & Warehouse, Inc., 792 F.Supp. 1471 (S.D.Tex.1992) (§ 1446(b) barred third-party defendant's attempt to remove case more than two years after filing of complaint); Hom v. Service Merchandise Co., 727 F.Supp. 1343, 1344 (N.D.Cal.1990) (removal unavailable even though plaintiff did not serve non-resident defendant within one year of filing action in state court).
In this case, Moe filed his petition in state court in April 1996. IMG and Gusto did not file their notice of removal until October 1, 1997, well after the one-year period prescribed by § 1446(b) had run. As discussed above, it is simply irrelevant that neither IMG nor Gusto was brought into this action until June of this year.[3] Because the notice of removal was not timely filed, the Court concludes that this action must be remanded to the state court.[4]
Randall has requested fees and costs incurred in bringing his motion to remand. Pursuant to 28 U.S.C. § 1447(c), an order remanding a case "may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." As the statutory language indicates, such an award is to be made at the Court's discretion. See, e.g., Penrod Drilling Corp. v. Granite State Ins. Co., 764 F.Supp. 1146, 1147 (S.D.Tex.1990); IMCO USA, Inc. v. Title Ins. Co., 729 F.Supp. 1322, 1324 (M.D.Fla.1990). In making this determination, the key factor is the propriety of the defendant's removal. Excell, Inc. v. Sterling Boiler & Mechanical, Inc., 106 F.3d 318, 322 (10th Cir.1997) (citing Daleske v. Fairfield Communities, 17 F.3d 321, 324 (10th Cir.), cert. denied, 511 U.S. 1082, 114 S.Ct. 1832, 128 L.Ed.2d 461 (1994)); Miranti, 3 F.3d at 928. The statute does not require a finding that the state court action was removed in bad faith as a prerequisite to an award of attorney's fees and costs. Excell, Inc., 106 F.3d at 322; In re Lowe, 102 F.3d 731, 733 at n. 2 (4th Cir.1996); Mints v. Educational Testing Serv., 99 F.3d 1253, 1260 (3d Cir. 1996).
The Court finds that an award of attorney's fees and costs is warranted in this *675 case. As the foregoing discussion indicates, even a cursory examination of § 1446(b) should have given IMG and Gusto pause before seeking to remove at this late date. Furthermore, even if their notice had been timely filed, whether they, as third-party defendants, would have had the right to remove is highly doubtful. Indeed, the rule among the district courts in this circuit appears to be that in diversity cases, third-party defendants are not "defendants" within the meaning of the removal statutes. See, e.g, Friddle v. Hardee's Food Sys., Inc., 534 F.Supp. 148, 149 (W.D.Ark.1981); Garnas v. American Farm Equip. Co., 502 F.Supp. 349, 350 (D.N.D.1980); Fiblenski v. Hirschback Motor Lines, Inc., 304 F.Supp. 283, 285 (E.D.Ark.1969); Shaver v. Arkansas-Best Freight Sys., 171 F.Supp. 754, 762 (W.D.Ark. 1959); see also Hayduk v. United Parcel Serv., Inc., 930 F.Supp. 584, 591 (S.D.Fla. 1996); Starr v. Prairie Harbor Dev. Co., 900 F.Supp. 230, 231-32 (E.D.Wis.1995); Radio Shack Franchise Dep't v. Williams, 804 F.Supp. 151, 153 (D.Kan.1992); Schmidt v. Association of Apartment Owners, 780 F.Supp. 699, 702-04 (D.Haw.1991); Elsis v. Hertz Corp., 581 F.Supp. 604, 608 (E.D.N.Y. 1984). The Eighth Circuit has indicated that, in extremely limited circumstances, a third-party defendant may have a right of removal under § 1441(c). Lewis v. Windsor Door Co., 926 F.2d 729, 734 (8th Cir.1991) (holding that in a third-party action against the United States, removal by the federal government was unauthorized). But § 1441(c) is inapplicable here. It provides that removal may be proper "whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action." 28 U.S.C. § 1441(c). This case, of course, involves no federal question. In their notice of removal, IMG and Gusto do not even mention the issue of whether removal by a third-party defendant is authorized, but seem to have simply assumed that it is.[5] The cases belie that assumption.
Accordingly,
IT IS HEREBY ORDERED that defendant Randall Lytle's motion to remand [# 91] and for attorney's fees in the amount of $2,055.00 [# 9-2] is granted.
IT IS FURTHER ORDERED that the motion for a more definite statement [# 7] filed by plaintiff Gayron Lytle and third-party defendants International Marketing Group and Gusto Record, Inc., is denied as moot.
IT IS FURTHER ORDERED that the Clerk of the Court shall remand this action to the Circuit Court for the County of St. Louis, State of Missouri, from which it was removed.
NOTES
[1] In the notice of removal, third-party defendant IMG claims to be a Delaware corporation. However, in Moe's response to Randall's "first interrogatories," Moe, who is IMG's president, chief executive officer, and sole shareholder, stated that the company is incorporated in Missouri. If IMG is, in fact, a Missouri corporation, this would provide an additional ground for remand.
[2] IMG and Gusto argue that Record-Wide is not a party to this action, claiming that service has never been obtained nor a summons ever requested. They therefore challenge Randall's contention that Record-Wide was required to join in the notice of removal in order for it to be valid. Because the Court finds that the notice was untimely filed, it will not address this argument.
[3] Gusto claims that it was not served with process until September 16, 1997. However, that did not preclude IMG from earlier filing a notice of removal, as title 28 does not require a defendant to wait until all co-defendants are served before removing. A defendant may remove a case without joinder of a non-served, non-resident defendant. Pullman Co. v. Jenkins, 305 U.S. 534, 540, 59 S.Ct. 347, 350, 83 L.Ed. 334 (1939) ("Where there is a non-separable controversy with respect to several non-resident defendants, one of them may remove the cause, although the other defendants have not been served with process and have not appeared."); Roe v. O'Donohue, 38 F.3d 298, 301 (7th Cir.1994); Miranti v. Lee, 3 F.3d 925, 929 (5th Cir.1993) (citing 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3731 at 509-10 (1985)); see also 28 U.S.C. § 1448 (providing for service of process on unserved defendants after removal).
[4] IMG and Gusto contend that the one-year "cap" on removal is inapplicable because the case was initially removable by Randall on the basis of diversity jurisdiction. This contention is wrong. Although Moe could have initially filed his suit against Randall in federal court, Randall, as a Missouri citizen, could not remove it once Moe chose to file in Missouri state court. 28 U.S.C. § 1441(b) provides that an action is removable on the basis of diversity jurisdiction "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."
[5] In their memorandum in opposition to Randall's motion to remand, IMG and Gusto cite but a single district court case, Connecticut Bank & Trust Co., N.A. v. CT Partners, Inc., 136 F.R.D. 347 (D.Conn.1991), in support of their contention that removal by third-party defendants is proper. In that case, the court permitted the Federal Deposit Insurance Corporation ("FDIC"), as receiver for an insolvent financial institution, to remove an action that had been initiated by that institution prior to its insolvency. IMG and Gusto argue that if a plaintiff can be allowed to remove, then removal by a third-party defendant should be permissible as well. In so arguing, they ignore the fact that the CT Partners, Inc. court permitted removal on the ground that the Financial Institutions Reform, Recovery and Enforcement Act of 1989, 12 U.S.C. §§ 1811 et seq., authorizes the FDIC to remove any action to which it is a party. 136 F.R.D. at 349. IMG and Gusto can point to no similar statutory support for the type of removal that they seek.