SERVICE ASSET MANAGEMENT
COMPANY, Plaintiff,

v.

HIBERNIA CORPORATION,
et al., Defendants.

No. 1:99–CV–374.

United States District Court,
E.D. Texas,
Beaumont Division.

Jan. 19, 2000.

---

Stephen A Kennedy, Wolin Ridley & Miller, Dallas, TX, for Service Asset Management Company.

William Andrew Barr, Kristen M. Castaneda, Locke Liddell & Sapp, Dallas, TX, John Cash Smith, Mehaffy & Weber, Orange, TX, Roger S. McCabe, Mehaffy & Weber, Beaumont, TX, for Hibernia Corporation.

David P. Blanke, Vinson & Elkins, Dallas, TX, for First Capital Group LLC.

Mark C. Brodeur, J. Joseph Reina, Brodeur & Reina, Dallas, TX, Elizabeth Campbell Mathews, Orange, TX, for Gary Simanson, Hovde Financial Inc.

## ORDER GRANTING HOVDE FINANCIAL INC.'S MOTION TO REMAND AND FOR COSTS

SCHELL, Chief Judge.

This matter is before the court on Hovde Financial Inc.'s ("Hovde") motion to remand and for costs (Dkt.# 3), filed July 13, 1999. The parties opposing this motion are (1) Hibernia Corporation ("Hibernia"), acting in its own interest and in the names of formerly existing entities Unicorp Bancshares–Texas, Inc. ("Unicorp–Texas") and Unicorp Bancshares–Delaware, Inc. ("Unicorp–Delaware"); (2) Hibernia National Bank, acting in the name of formerly existing entity OrangeBank; (3) First Capital Group, LLC ("First Capital"); and (4) Gary Simanson ("Simanson"). Upon consideration of the parties' written submissions and applicable law, the court is of the opinion that Hovde's motion to remand and for costs should be GRANTED.

### I. PROCEDURAL BACKGROUND

On August 5, 1997, Service Asset Management Company ("SAMCO") filed this case in Texas state court against Hibernia and Unicorp–Texas. SAMCO is a Texas investment banking company with its principal place of business in Texas. SAMCO alleged it was not paid for investment banking services that it rendered to the defendants. The case could not be removed to federal court at the time SAMCO filed its claims because Unicorp–Texas was also a Texas corporation with its principal place of business in Texas. Therefore, diversity jurisdiction did not exist. Further, none of SAMCO's claims raised federal question jurisdiction.

Later, on three separate occasions, SAMCO added additional parties as defendants. Hovde was one of the additionally named defendants. Hovde is an investment banking firm organized under the laws of Virginia with its principal place of business in Washington D.C. In March of 1999, Hovde filed cross claims against Hibernia, Unicorp–Texas, Unicorp–Deleware,

OrangeBank, First Capital, and Simanson (collectively "Cross Defendants"), also alleging it was not paid for investment banking services that it had rendered. In late March of 1999, all of SAMCO's claims were resolved in a mediation and SAMCO's claims were subsequently dismissed. Hovde's cross claims, however, were left pending. The case was set on the state court trial docket for June 21, 1999. On June 14, 1999, Cross Defendants removed this lawsuit to federal court alleging jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332(a). Cross Defendants' removal came over twenty-two months after the original filing of this litigation.

## II. ANALYSIS

A party has the right to remove a case to federal court when federal jurisdiction exists and the removal procedure is properly followed. *See* 28 U.S.C. § 1441. A party can move to remand the case on the basis of a defect in the removal procedure or for lack of subject matter jurisdiction. *See id.* § 1447(c). Hovde argues that this case should be remanded to state court for both reasons. First, Hovde disagrees that diversity jurisdiction exists.[1] Second, Hovde contends that Cross Defendants failed to comply with the one-year time limitation set on removal in 28 U.S.C. § 1446(b). Section 1446(b) was amended in 1988 to add a procedural limitation which states that "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after the commencement of the *action*." 28 U.S.C. § 1446(b) (emphasis added).

■ In the instant case, the specific issue before the court is the proper interpretation of the word "action" found in § 1446(b). Hovde argues that the word "action" refers to the original petition filed in state court. If Hovde's interpretation is correct, Cross Defendants are not within the one-year period because the case was originally filed on August 5, 1997, and Cross Defendants' removal was not filed until June 14, 1999, well over one year from the filing of the initial lawsuit. Conversely, Cross Defendants argue that "action" should be interpreted to mean the filing date of Hovde's cross-claims, March 5, 1999. If Hovde's cross claims are considered the commencement of the action for purposes of § 1446(b), Cross Defendants' removal would be timely. For the following reasons, the court is of the opinion that this case was untimely removed under § 1446(b)[2] and should be remanded.

### A. Case Law

■ Historically, the United States Supreme Court and the Fifth Circuit have stated that removal statutes call for a strict and literal application. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Brown v. Demco Inc.,* 792 F.2d 478, 482 (5th Cir.1986). This view is still upheld today.[3] *See Barr v. Zurich Ins. Co.,* 985 F.Supp. 701, 702 (S.D.Tex.1997) ("At the outset, the Court notes that § 1446 is interpreted strictly against removal, and removal is restricted to those instances clearly permitted by statute."). Although the court was unable to locate cases within the Fifth Circuit discussing the one-year limitation in connection to cross claims filed after a lawsuit is initially filed, Texas district courts indicate that the "commencement of the action" refers to when the case is originally filed in state

---

1. Hovde and Cross Defendants debate the citizenship of OrangeBank and Unicorp–Texas after both entities merged into other companies.

2. Because the court is of the opinion that removal was untimely under § 1446(b), a determination of proper diversity jurisdiction need not be made.

3. Although the removal statute is given a strict construction, the Fifth Circuit has held that the one year bar on removal is not absolute. Rather, it is a procedural bar, subject to equitable exceptions. *See Barnes v. Westinghouse Electric Corp.,* 962 F.2d 513, 516 (5th Cir.1992).

court and not at any other time. *See Auto Transportes Gacela S.A. De C.V. v. Border Freight Distributing and Warehouse, Inc.,* 792 F.Supp. 1471, 1472 (S.D.Tex.1992) (third party defendant could not remove action because more than one year had passed since the case was originally filed in state court; commencement of action was determined from date of service on "original defendants"); *Luevano v. Dow Corning Corp.,* 895 F.Supp. 135, 136 (W.D.Tex.1994) (notice of removal was untimely when defendants sought removal based on diversity jurisdiction more than one year after the action was originally filed in state court, despite the fact that the notice of removal was filed less than one year from the date of the amended complaint).

Other courts also support the view that the running of the one-year period begins at the time of the filing of the complaint, not when the case becomes removable. *See Lytle v. Lytle,* 982 F.Supp. 671, 673–74 (E.D.Mo.1997) (one-year period within which case can be removed to federal court on diversity grounds begins to run when plaintiff files original complaint, despite the fact that third party defendants did not become parties to the action until after the statutory time for removal had expired); *Howell v. St. Paul Fire and Marine Ins. Co.,* 955 F.Supp. 660, 663 (M.D.La.1997) (one-year limitation begins to run at initial filing of complaint, even if new defendants are added or new claims are asserted); *Santiago v. Barre National, Inc.,* 795 F.Supp. 508, 512–13 (D.Mass. 1992) (suit could not be removed after plaintiff settled a claim against a non-diverse defendant because notice of removal came more than one year after the case was originally filed in state court). The court finds the holdings of these courts persuasive.

### B. Legislative History

The legislative history of § 1446(b) further evidences that the word "action" refers to the initial lawsuit filed in state court and not to separate claims added later in the suit. When adopting the one-year provision,[4] Congress expressed its intent to limit diversity jurisdiction in federal court:

> Subsection (b)(2) amends 28 U.S.C. § 1446(b) to establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court. The result is a modest curtailment in access to diversity jurisdiction. The amendment addresses problems that arise from a change of parties as an action progresses toward trial in state court.

House Committee on Judiciary, Judicial Improvements and Access to Justice Act, House Report No. 100–899, 100th Cong.2d Session (to accompany H.R. 4807). As the legislative history shows, the amendment was made to reduce the number of diversity cases brought in federal court. Cross Defendants' interpretation of § 1446(b) would not support that goal. Further, Congress emphasized its intent to prohibit removal when substantial progress has already been made on a case. Because the present case was so near trial at the time of removal, it cannot be disputed that substantial progress had already been made.

In sum, a review of the law and the purpose behind it reveals that the case is not properly before this court because the time for removal had expired.

### C. Substantial Repleading Exception

 Cross Defendants go on to argue that if the word "action" is not interpreted to apply to the date of Hovde's cross claims, removal is still proper because Hovde's cross claims fall under the "substantial repleading" exception. The substantial repleading exception provides that when the plaintiff files an amended complaint that "so changes the nature of his action" as to constitute a substantially new suit, the time period for removal dates from the time of the filing of the amended

---

4. The one-year limitation became effective in 1988 when § 1446(b) was amended.

complaint. *See Wilson v. Intercollegiate (Big Ten) Conference Athletic Association,* 668 F.2d 962, 965 (7th Cir.1982) (citing *Fletcher v. Hamlet,* 116 U.S. 408, 410, 6 S.Ct. 426, 29 L.Ed. 679 (1886)).

The *Wilson* rule was adopted before the enactment of the 1988 amendment to § 1446(b). Therefore, the substantial repleading exception was not created to apply to the one-year time limitation. Instead, the substantial repleading exception applied to the thirty-day time limitation set forth in the first provision of § 1446(b). Section 1446(b) states: "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant ... of a copy of the initial pleading." *Wilson* and its progeny allowed a defendant who had waived his right to remove the case (by failing to remove within thirty days) to later file a notice of removal if the plaintiff filed a substantially new pleading. There is uncertainty among the courts whether the *Wilson* exception remains viable after the 1988 amendment, and if so, how it applies. The Fifth Circuit has not spoken on the issue and district courts are divided on the matter. This court finds that whether *Wilson* remains viable in light of the 1988 amendment is irrelevant because the substantial repleading exception is inapplicable to the case at bar.

■ As stated above, the rule in *Wilson* applies only to cases which were initially removable on the date of the original filing in state court. The exception comes into play when the defendant waives his right to remove the initial complaint and the plaintiff amends her pleading to substantially change the nature of the action. Under those limited circumstances, the defendant's right to remove is "revived." *See Wilson,* 668 F.2d at 965. In the present case, Hovde and Cross Defendants both admit that no diversity or federal question jurisdiction existed when SAMCO originally filed its claims in state court. Therefore, because the case was not initially removable, there can be no "revival" of a right to remove. *See Jenkins v. Sandoz*

*Pharmaceuticals Corp.,* 965 F.Supp. 861, 866–67 (N.D.Miss.1997) (holding substantial repleading exception inapplicable because defendant had no right to remove the initial pleading, thus no revival of a right to remove could exist).

■ Even if the substantial repleading exception were applied to this case, Cross Defendants' argument would not prevail because Hovde's cross claims do not amount to a substantial repleading. SAMCO's claims and Hovde's cross claims are similar. Both allege they were not paid a fee for rendering investment banking services. Further, the claims arose from the same transaction. Both allege that the fees arose in connection with Hibernia's acquisition of OrangeBank, Unicorp–Texas, and Unicorp–Delaware. Therefore, the facts show that the substance of the causes of action is the same and Hovde's cross claims did not amount to a substantial repleading.

D. Costs and Fees

■ Hovde has requested costs, fees, and expenses incurred in bringing its motion to remand. While it is true that bad faith does not need to be established to award fees when granting a motion to remand, an award of fees is not automatic. *See Miranti v. Lee,* 3 F.3d 925, 928 (5th Cir.1993). Whether fees should be granted depends on the propriety of Cross Defendants' removal. *See id.* The court finds Cross Defendants' removal was filed over twenty-two months after the commencement of the action in state court. A review of the law would have revealed that removal was untimely. Cross Defendants cited no case authority to support their position that the one-year period is measured from the time cross claims are filed. Further, Cross Defendants removed the case only eight days before it was to come up on a trial docket. Accordingly, the court GRANTS Hovde's motion to remand and for costs and ORDERS this action REMANDED to the 128th Judicial District Court of Orange County, Texas for further proceedings. Hovde shall have un-

til February 1, 2000, to file its submission with the court detailing attorneys' fees and costs attributable to filing its motion to remand and reply. Cross Defendants shall have until February 10, 2000, to respond. Thereafter, the court will determine whether or not a hearing on the issue of attorneys' fees and costs is necessary.