William G. LONG, Petitioner-Appellant,

v.

BOARD OF PARDONS AND PAROLES
OF TEXAS, et al.,
Defendants-Appellees.

No. 83–1511

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 21, 1984.

Wm. G. Long, pro se.

Steven A. Gibbins, Asst. Atty. Gen., Austin, Tex., for defendants-appellees.

Before TATE, GARWOOD, and HIGGINBOTHAM, Circuit Judges.

TATE, Circuit Judge:

For purposes of this appeal, the salient facts are these:

Long, a Texas state prisoner, initially on July 14, 1981 filed a petition for federal habeas relief, 28 U.S.C. § 2254. For reasons immaterial to the present appellate issue (the reasons had to do with facilitating state exhaustion and expediting ultimate federal habeas disposition), Long signed a joint stipulation with the state dismissing his habeas petition without prejudice, which was filed on February 11, 1982.

Having subsequently exhausted his state remedies, Long then on September 13, 1982 filed the present motion in the federal district court "to reactivate his [dismissed] petition [of July 14, 1981] from its present state of dormancy"; he prayed that the federal court "reinstate his petition for writ of habeas corpus" and grant him the federal habeas relief requested. The petitioner Long appeals from the dismissal of this petition "to reactivate" his formerly-filed (but dismissed) application for federal habeas relief.[1]

The sole issue presented by this appeal is whether the district court erred in dismissing the present petition of September 1982 to reactivate Long's 1981 habeas petition that Long had voluntarily dismissed in February 1982 by joint stipulation of dismissal of himself and the respondent.

■ Under Fed.R.Civ.P. 41(a), the petitioner's voluntary dismissal of his action completely terminated the earlier litigation, without further order by the court. *See,*

1. The dismissal also had the effect of mooting another motion by Long to delay consideration of the present petition until yet another petition for different habeas relief had been considered by the federal courts.

e.g., *Pilot Freight Carriers, Inc. v. International Brotherhood of Teamsters,* 506 F.2d 914 (5th Cir.), *cert. denied,* 422 U.S. 1048, 95 S.Ct. 2665, 45 L.Ed.2d 700 (1975); *American Cyanamid Company v. McGhee,* 317 F.2d 295, 297 (5th Cir.1963). "A voluntary dismissal without prejudice leaves the situation as if the action had never been filed. After a dismissal the action is no longer pending in the court and no further proceedings in the action are proper." 9 Wright & Miller, Federal Practice and Procedure, § 2367 at p. 186 (1971).

The district court thus did not err in refusing to "reactivate" a finally dismissed former action. The effect of the trial court denial of the present motion to reactivate, of course, is simply to require the petitioner Long to file a new habeas petition, if he desires, to assert the claims presented by the earlier habeas petition that was dismissed without prejudice.

We AFFIRM the present order of the district court that denied the petitioner Long's motion to reactivate his earlier (but dismissed) habeas application.

AFFIRMED.

Opinion on rehearing, 5th Cir., 732 F.2d 437.