Rev. George TAYLOR,
Plaintiff-Appellant,

v.

BUNGE CORPORATION,
Defendant-Appellee.

No. 85–3321.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 31, 1985.

Rehearing Denied Nov. 26, 1985.

**618**

Robert E. Lee, New Orleans, La., for plaintiff-appellant.

Monroe & Lemann, Kenneth P. Carter, New Orleans, La., for defendant-appellee.

Before RUBIN, JOHNSON and JONES, Circuit Judges.

## OPINION

PER CURIAM.

■ The principal issue is whether the discharge of an employee in alleged viola-. tion of 42 U.S.C. § 1981 and Title VII is a continuing violation of those laws with the result that the statute of limitations on a suit for breach of those laws begins to run anew each day. Joining the Fourth, Seventh, and Eighth Circuits, we hold that the statute of limitations commences to run on discharge, the employee's claims mature at that time, and the violation is not a continuing one. We, therefore, affirm the judgment dismissing the suit for untimely filing.

Unless the statute of limitations has not yet begun to run, or has been tolled, the claims asserted by the plaintiff in this suit are patently untimely. The plaintiff was last employed by the defendant in August, 1982. This suit was filed in September, 1984. The plaintiff was required to bring suit on his claims under Title VII within ninety days of his receipt of the Right-to-Sue letter issued by the Equal Employment Opportunity Commission (EEOC).[1] The EEOC mailed that letter on December 29, 1982.

■ Similarly, the plaintiff's claim of racial discrimination in employment under 42 U.S.C. § 1981 is time barred. A section 1981 claim is best characterized as a tort under Louisiana law and is, therefore, governed by the one-year prescriptive period for delictual actions dictated by La.Civ. Code art. 3492.[2] The filing and processing

1. 42 U.S.C. § 2000e–5(f) (1982); *Genovese v. Shell Oil Co.,* 488 F.2d 84 (5th Cir.1973).

2. *Jones v. Orleans Parish School Bd.,* 679 F.2d 32, 35 (5th Cir.1982), withdrawn in part on rehearing, 688 F.2d 342 (5th Cir.1982), *cert. de-*

*nied,* 461 U.S. 951, 103 S.Ct. 2420, 77 L.Ed.2d 1310 (1983) (applying former La.Civ.Code art. 3536, the predecessor of art. 3492); *Page v. U.S. Indus., Inc.,* 556 F.2d 346, 351–52 (5th Cir.1977), *cert. denied,* 434 U.S. 1045, 98 S.Ct. 890, 54 L.Ed.2d 796 (1978).

of charges with the EEOC under Title VII does not toll the running of the state prescriptive period governing section 1981 claims.[3]

■ The plaintiff's voluntary dismissal of his earlier suit without prejudice did not toll the statute. As we held in *LeCompte v. Mr. Chip, Inc.*,[4] the effect of such a dismissal was to put the plaintiff in the same legal position in which he would have been had he never brought the first suit. The prescriptive period, therefore, is not tolled by the bringing of an action that is later voluntarily dismissed.[5] This principle extends to actions brought under 42 U.S.C. § 1981 (1982) and Title VII.[6]

The plaintiff's characterization of his claim as one for a continuing violation is incorrect. The plaintiff concedes that his employment with the defendant terminated in August, 1982. He argues, however, that, because his claim is for back pay from the date of discharge to date, it is for a "continuing violation." While the continuing-discrimination theory may be available to present employees,[7] even though on layoff,[8] the Fourth, Seventh, and Eighth Circuits have held that termination of employment either through discharge or resignation is not a "continuing" violation because the individual ceases to be an employee on the date of his discharge and all of his legal claims mature at that time.[9] Under the plaintiff's suggested application of the continuing-violation doctrine, his claims would never prescribe; this would destroy the policy of finality underlying the statute of limitations.

As to the plaintiff's pendent state law claims, the Supreme Court has stated in *United Mine Workers v. Gibbs*,[10] "[c]ertainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state [law] claims should be dismissed as well."

For these reasons, the judgment is AFFIRMED.

---

3. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 465–66, 95 S.Ct. 1716, 1722–23, 44 L.Ed.2d 295, 304–05 (1975).

4. 528 F.2d 601, 603 (5th Cir.1976).

5. *Willard v. Wood*, 164 U.S. 502, 523, 17 S.Ct. 176, 181, 41 L.Ed. 531, 540 (1896); *Goff v. United States*, 659 F.2d 560, 562 (5th Cir.1981).

6. *Cleveland v. Douglass Aircraft Co.*, 509 F.2d 1027, 1030 (9th Cir.1975); *Johnson v. Railway Express Agency, Inc.*, 489 F.2d 525, 528–29 (6th Cir.1973), *aff'd*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *McClain v. Mack Trucks, Inc.*, 81 F.R.D. 730, 732–33 (E.D.Pa.1979); *Owens v. Weingarten's, Inc.*, 442 F.Supp. 497 (W.D. La.1977). *See generally* 5 Moore's Federal Practice ¶ 41.05[2] (2d ed. 1975), 9 Wright & Miller, Federal Practice and Procedure § 2367, at 186–87 (1971).

7. *Cf. Griggs v. Duke Power Co.*, 401 U.S. 424, 429–30, 91 S.Ct. 849, 852–53, 28 L.Ed.2d 158 (1971).

8. *Cox v. U.S. Gypsum Co.*, 409 F.2d 289 (7th Cir.1969).

9. *West v. ITT Continental Baking Co.*, 683 F.2d 845, 846 (4th Cir.1982); *Olson v. Rembrandt Printing Co.*, 511 F.2d 1228, 1234 (8th Cir.1975) (en banc); *Cox v. U.S. Gypsum Co.*, 409 F.2d 289, 290 (7th Cir.1969). *See also United Air Lines v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977).

10. 383 U.S. 715, 726, 86 S.Ct. 1130, 1137, 16 L.Ed.2d 218, 228 (1966). *See* 6 Wright & Miller, Federal Practice and Procedure § 1588, at 814–15 (1971).