**James R. HARRIS, Plaintiff,**

v.

**William E. BROCK, Secretary of Labor; United States Department of Labor; and United States of America, Defendants.**

**No. 85 C 10166.**

United States District Court, N.D. Illinois, E.D.

Sept. 8, 1986.

Arthur R. Ehrlich, Gerald A. Goldman, Goldman & Marcus, Chicago, Ill., for plaintiff.

William Clabault, Asst. U.S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BRIAN BARNETT DUFF, District Judge.

A federal employee has thirty days in which to file a Title VII suit after receiving notice of his department's final disposition of his charge of discrimination. 42 U.S.C. § 2000e–16. Plaintiff filed this Title VII action against the United States 213 days after receiving such notice, and defendants move to dismiss the complaint as untimely.

Plaintiff initially filed suit within the 30–day filing period, but voluntarily dismissed the complaint after defendants objected to his failure to obtain service within 120 days, as required by Fed.R.Civ.P. 4(j). Plaintiff filed this action one day after the court granted his motion for voluntary dismissal of the first complaint. Plaintiff contends that these circumstances render his delay in filing this action reasonable, and that the court therefore should invoke the equitable tolling doctrine, *see Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), to waive strict compliance with the 30–day filing period.

The Seventh Circuit, however, has held that the 30–day filing requirement of § 2000e–16 is jurisdictional in nature, *Gaballah v. Johnson*, 629 F.2d 1191, 1198 (7th Cir.1980), and that principles of sovereign immunity prevent the extension of equitable tolling to Title VII suits against the United States, *Sims v. Heckler*, 725 F.2d 1143, 1145 (7th Cir.1984). Equitable tolling therefore cannot save plaintiff from the untimeliness of his complaint.

Plaintiff also argues that even if the court declines to apply the equitable tolling doctrine, it should hold that the voluntary dismissal and refiling of this action had no substantive effect, and that consequently it is timely under § 2000e–16. This argument fails because it is settled law that the effect of voluntarily dismissing a case is to leave it as if the case had never been filed, *see Long v. Bureau of Pardons and Paroles of Texas*, 725 F.2d 306, 307 (5th Cir. 1984), and that the limitations period is not tolled during the pendency of a case that is voluntarily dismissed, *see* 9 Wright & Miller, *Federal Practice and Procedure* § 2367 at p. 186 (1971).

For the foregoing reasons the motion to dismiss is granted.

IT IS SO ORDERED.