894 F.2d 402
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Douglas Fitzpatrick MILLER, Petitioner-Appellant,
v.
H.L. UNDERWOOD, Respondent-Appellee.
 No. 89-6688.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 19, 1989.
Decided: Jan. 5, 1990.
 
 Douglas Fitzpatrick Miller, appellant pro se.
 Katherine Baldwin Toone, Office of the Attorney General, for appellee.
 Before PHILLIPS and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Douglas F. Miller, a Virginia inmate, seeks to appeal the district court's refusal to reopen the voluntary dismissal of his 28 U.S.C. Sec. 2254 habeas corpus petition. We affirm the district court's denial of Miller's motion to reinstate.
 
 
 2
 Miller filed his habeas petition in 1986, alleging that a promise made to him in a plea agreement was not kept. In return for his guilty plea to willful failure to return from a prison furlough, Miller had received the minimum sentence of one year; he expected that the time he spent in custody awaiting trial on the escape charge would be applied to the new one-year sentence. However, under Virginia law this was not possible. This court remanded for a determination of whether Miller's guilty plea was valid.
 
 
 3
 Counsel was appointed for Miller, who was by then on parole. In the course of a pretrial status hearing, Miller informed the district court that on the advice of counsel he wished to dismiss his case because he risked the imposition of a greater penalty if he withdrew his guilty plea and went to trial. On Miller's motion, the case was dismissed with prejudice in February 1988.
 
 
 4
 In his motion to reinstate, filed in June 1989, Miller alleges that his attorney and the assistant attorney general present at the status hearing misled him by telling him that if he continued with the case he would go back to jail.
 
 
 5
 The voluntary dismissal of an action terminates the litigation. Fed.R.Civ.P. 41(a); Long v. Board of Pardons and Paroles, 725 F.2d 306 (5th Cir.1984) (habeas petition voluntarily dismissed could not be reactivated).
 
 
 6
 Miller's motion to reinstate could be treated as a Fed.R.Civ.P. 60(b)(3) motion for relief from judgment. However, a Rule 60(b)(3) motion based on misrepresentation must be filed not more than one year after entry of the judgment or order. If Miller's motion is considered as brought under Rule 60(b)(3), it is untimely. Relief may also be granted at any time under Rule 60(b)(6) for "any other reason justifying relief." However, it does not appear that Miller has alleged facts sufficient to warrant relief under this provision. We perceive no abuse of discretion in the district court's decision to deny the motion to reinstate. We therefore deny a certificate of probable cause to appeal and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.
 
 
 7
 DISMISSED.