746 F.Supp. 1377 (1990)
Edwin W. CHOTT, III, et al., Plaintiffs,
v.
CAL GAS CORPORATION, Defendant.
No. 90-1049-C-5.
United States District Court, E.D. Missouri, E.D.
October 18, 1990.
Klutho, Cody, Kilo, Flynn, Billingsley & Trame, Michael W. Flynn, St. Louis, Mo., for plaintiffs.
Joseph H. Mueller, Muser & Marsalek, St. Louis, Mo., for defendant.

MEMORANDUM AND ORDER
LIMBAUGH, District Judge.
Plaintiffs filed a six-count complaint against defendant Cal Gas Corporation ("Cal Gas") in which they allege that defendant is liable for damages sustained by plaintiffs as the result of an explosion and fire. On July 2, 1990 plaintiff filed a motion to remand. On July 26, 1990 the Court denied plaintiff's motion to remand. This cause is before the Court on plaintiff's motion to reconsider the Court's denial of the motion to remand.

Motion to Reconsider
In a memorandum and order dated July 26, 1990 the Court concluded that plaintiff's motion to remand was untimely under 28 U.S.C. § 1447(c). Cal Gas' notice of removal was filed on June 1, 1990. Plaintiffs' motion to remand was filed on July 2, 1990, which is 31 days after the notice of removal. Title 28 U.S.C. § 1447(c) provides:
A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a).
In its calculation the Court failed to take into account that Cal Gas' notice of removal was mailed to plaintiff. Fed.R.Civ.P. 6(e) provides:
Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.
Because plaintiffs filed a motion to remand within 33 days of the date on which defendant mailed its notice of removal, plaintiffs' motion to remand was timely under 28 U.S.C. § 1447(c). The Court's order and memorandum dated July 26, 1990 denying plaintiff's motion to remand is null and void. The Court will now proceed to address plaintiff's motion to remand on its merits.

*1378 Motion to Remand

Plaintiffs originally filed a petition in the Circuit Court of the City of St. Louis on October 29, 1986. Plaintiffs named Cal Gas Corporation ("Cal Gas") and Alberta Kreienkamp, the owner of the house in which the explosion occurred, as defendants in that petition. This action was not removable to federal court because there was not complete diversity between plaintiffs and defendants. On November 7, 1989 plaintiffs settled their claims against Alberta Kreienkamp and dismissed her as a defendant. Although there was now complete diversity between the plaintiffs and Cal Gas, Cal Gas could not remove the action at this time because the action had commenced more than one year before Ms. Kreienkamp's dismissal. 28 U.S.C. § 1446(b).
On March 27, 1990 plaintiffs voluntarily dismissed, without prejudice, the action against Cal Gas. Plaintiffs dismissed the action because the trial date was imminent and plaintiffs were as yet undecided whether additional defendants should be added. On May 10, 1990 plaintiffs refiled a petition against defendant Cal Gas in the Circuit Court of the City of St. Louis, Missouri.[1] The allegations against Cal Gas in the refiled petition are essentially the same as those against Cal Gas in the original petition. There was complete diversity of citizenship between plaintiffs and Cal Gas. On June 1, 1990 Cal Gas removed the action to federal court.
Plaintiffs object to Cal Gas' removal as untimely under 28 U.S.C. § 1446(b), which provides, in relevant part:
[A] case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.
Plaintiff argues that the instant suit is a continuation of the original action filed on October 29, 1986. Therefore, Cal Gas cannot remove the action because its notice of removal was filed approximately 3½ years after the action was commenced. Plaintiffs assert that the Court should refer back to the filing of the first petition for application of the one year deadline in 28 U.S.C. § 1446(b). Cal Gas, however, argues that plaintiff's refiling of the petition created a completely new action for all purposes including removal.
This issue appears to be one of first impression. The Court has considered the arguments and authority cited by both parties and concludes that plaintiff's refiling of the petition after a voluntary dismissal creates a new action for purposes of removal. "A voluntary dismissal without prejudice leaves the situation as if the action had never been filed." 9 C. Wright & A. Miller, Federal Practice and Procedure § 2367, at 186 (1971). See Long v. Board of Pardons and Paroles, 725 F.2d 306, 306-307 (5th Cir.1984); Cabrera v. Bayamon, 622 F.2d 4, 6 (1st Cir.1980). In Taylor v. Bunge Corp., 775 F.2d 617 (5th Cir. 1985), the court held that plaintiff's voluntary dismissal of his earlier suit without prejudice did not even toll the statute of limitations. "The effect of such a dismissal was to put the plaintiff in the same legal position in which he would have been had he never brought the first suit." 775 F.2d at 619.
The Court regards plaintiff's original petition as though it were never filed. Therefore, the Court does not view the refiled petition as a continuation of the original petition although the factual allegations in the two petitions are almost identical. The time in which defendant had to file a notice of removal began to accrue on May 10, 1990, the date the refiled petition was filed. Because defendant filed its notice of removal within 30 days of May 10, 1990, defendant's removal was timely under 28 U.S.C. § 1446(b).
Accordingly,
IT IS HEREBY ORDERED that plaintiff's motion to reconsider is GRANTED.
IT IS FURTHER ORDERED that the Court's memorandum and order dated July 26, 1990 is NULL and VOID.
*1379 IT IS FINALLY ORDERED that plaintiff's motion to remand is DENIED.
NOTES
[1] Plaintiffs decided not to add additional defendants.