UNITED STATES of America

v.

ONE LOT OR PARCEL OF LAND, BE-
ING 5.994 ACRES OUT OF and a PART
OF THE JAMES McCAULEY SUR-
VEY, A–197, SITUATED in the COUN-
TY of SAN AUGUSTINE, TEXAS, To-
gether with all other Improvements,
Appurtenances, Buildings, and Fix-
tures.

No. 1:90–CV–0177.

United States District Court,
E.D. Texas,
Beaumont Division.

Jan. 3, 1991.

Mary Bradford, Beaumont, Tex., for plaintiff.

John Arthur Clark, Cheryl E. Irvin, Irvin, Clark & Burnett, Houston, Tex., for defendant.

## MEMORANDUM ORDER

COBB, District Judge.

The Federal Deposit Insurance Corporation as Receiver for First Savings Association of East Texas (FDIC) filed a motion to vacate and set aside judgment of dismissal, and an amended motion to vacate and set aside judgment of dismissal. The United States of America (United States), plaintiff in the underlying forfeiture action, responded.[1] The court has considered the motions and responses and heard oral argument.

This action began as parallel criminal and civil forfeiture suits by the United States, brought against a parcel of land owned by a convicted drug dealer. *See U.S. v. Lenard Jackson*, Cause No. B–89–101–CR(1) (E.D.Tex.1990). A criminal order of forfeiture was submitted to this court pursuant to the plea agreement entered March 9, 1990, and 21 U.S.C. § 853.

A mortgage on the forfeited property was held by First Savings Association of East Texas (First Savings). The FDIC, as receiver for First Savings, succeeded to

---

1. The United States moved to strike the amended motion to vacate, but the court will consider the amended motion.

First Savings' mortgage interest in the forfeited property. Accordingly, the United States notified the FDIC of the criminal forfeiture on March 13, 1990. Formal service was obtained on the FDIC March 16, 1990. (Ex. A., Brief in support of United States' Reply to FDIC's Motion to Vacate or Set Aside.)

On May 5, 1990, pursuant to 21 U.S.C. § 853(n), the criminal order of forfeiture became final. The United States then moved to non-suit the civil forfeiture pending in this case, pursuant to FED.R.CIV.P. 41(a)(1). That dismissal was granted by this court May 22, 1990.

■ This court no longer has jurisdiction over a dismissed case. *Long v. Board of Pardons and Paroles of Texas,* 725 F.2d 306 (5th Cir.1984). Non-suit of this action by the United States ended this lawsuit. The FDIC can seek no relief from this court.

■ Even so, the FDIC is not without remedy. Administrative remedy is available under 21 U.S.C. § 853(i)(1). The FDIC is free to seek remission or mitigation of forfeiture by that route.

The court must point out that the FDIC waited until August 24, 1990, to file its motion to vacate, over three months after this suit was dismissed. Earlier filing would not have saved this motion, but it is difficult to believe the FDIC has been as diligent as possible in this matter.

Finally, the federal judiciary, the United States Department of Justice, and the Federal Deposit Insurance Corporation have now expended numerous resources to litigate the question of which department of the same federal government will get credit in its budget for a 5.994 acre parcel of land in San Augustine County, Texas. This court would speculate that by now the cost of arguing this matter has exceeded the value of the forfeited property.

The FDIC is certainly entitled to its day in court. Unfortunately, the FDIC has extended that day into a ten-month judicial exercise in futility. The FDIC may now proceed to an administrative arena. This court recommends it do so promptly.

The FDIC's motion to vacate or set aside judgment of dismissal and amended motion to vacate or set aside judgment of dismissal are DENIED. The United States' motion to strike the FDIC's amended motion to vacate is DENIED.