#### Edgel Davis LEWIS

v.

#### CERTAINTEED CORP., Successor to Keasbey & Mattison Co., et al.

#### Civ. A. No. 94–1206.

United States District Court,
W.D. Louisiana,
Lake Charles Division.

Dec. 2, 1994.

Stephen B. Murray, New Orleans, LA, for plaintiff.

A. Wendel Stout, III, New Orleans, LA, for defendants.

## MEMORANDUM RULING

EDWIN F. HUNTER, Jr., Senior District Judge.

International Paper ("IP") seeks reconsideration of our order of remand.

### Statement of Issues

1.) Does the three day grace period of Fed.R.Civ.P. 6(e) apply to plaintiff's August 2, 1994 supplemental brief in support of its June 28, 1994 timely remand motion?

2.) As long as a motion to remand is timely filed within the thirty day period, should the court be allowed to determine all procedural defects which are raised while the motion to remand is pending?

### Facts

This case arose from plaintiff's exposure to asbestos. Fifteen companies were made defendants. The petition was filed in the state court on May 23, 1994. International Paper ("IP") was served on June 1, 1994. IP filed a motion to remove on June 28, 1994. Defendants, Shell Corporation and Tenneco, joined in removal on July 13. Four other defendants joined in consent on September 6, 1994. These were all served on June 1, 1994.

Section 1446(b) requires that all served defendants join in the removal petition within 30 days of service on first defendant. The record here reveals that none of the 14 defendants did so.

Did plaintiff waive its right to object to removal? Defects in removal procedure are governed by 28 U.S.C. § 1447(c), which provides that a "motion to remand on the basis of any defect in the removal procedure must be made within 30 days after the filing of the notice of removal."

IP filed its notice of removal on June 28, 1994. Plaintiff's motion to remand was entered on July 25, 1994, "clearly within the 30 day period". IP concedes that this is so, but argues that it was based on lack of diversity. On August 2, 1994, plaintiff filed a supplemental memorandum in support of its timely motion to remand (July 25, 1994) noting defendants' failure to join in the removal.

### Discussion

Fed.R.Civ.P. Rule 6(e) provides:

Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

It should be emphasized that IP does not attack the timely remand's motion of July 25. It attacks the date of the filing of the supplemental brief which noted an additional basis for sustaining the remand.

We have considered the arguments and authority cited by both parties and conclude that our original holding that Rule 6(e) applied was erroneous. Defendant supports its strict interpretation of "filing v. serving" with *Welsh v. Liberty Mutual,* 698 F.2d 230 (5th Cir.1983), and *Lauzon v. Strachan Shipping,* 782 F.2d 1217 (5th Cir.1985). The common thread of these two cases in not applying Rule 6(e) deadlines is for deadlines dealing with appeals and judicial orders, not motions to remand. *Rashid v. Schenck,* 843 F.Supp. 1081 (S.D.W.Va.1993) is directly on point. There, the Court noted the opposite holding in *Chott v. Cal Gas,* 746 F.Supp. 1377 (E.D.Mo.1990). It is true that the 5th Circuit has not addressed the issue in the removal context, but there is no reason to assume that our circuit might interpret the clear language of one rule based on filing deadlines differently from the way it has interpreted other similar rules.

Plaintiff argues that an equitable reading of the whole statute as at least suggested by § 1446(d), is that both defendants and plain-

**132**

tiffs, (mover, non-mover) should play by the same rules in the removal/remand process. "It is hard to imagine that Congress intended to allow defendants a full 30 days from service (the day in which they would first have cause to remove), but disallow plaintiffs the same for remand."

28 U.S.C. § 1447(c) is clear and unambiguous in its reference to (filing) and not *service* of the notice of removal. Because of the clarity of the Congressional statement, we have no authority to look behind congress' clear language to seek some meaning not expressed. Our conclusion is that Rule 6(e) does not apply to Motions to Remand.

Does this conclusion require this Court to reconsider its order granting remand? We think not. We reiterate that the motion to remand was timely (July 28).

■ Defendant concedes that plaintiff's motion to remand was timely. We agree with plaintiff that ι,ʳ filing a timely remand, that plaintiff preserved its right to assert all procedural defects in the removal even though such defects were not specifically asserted in its motion to remand. The reasoning of Judge Polozola in *Tennessee Gas v. Continental,* 814 F.Supp. 1302 at 1311 (M.D.La.1993) is applicable here.

> "As long as a motion to remand is timely filed within the 30 day period, the court should be allowed to determine *all* procedural defects which are raised while the motion to remand is pending. This Court believes such a procedure clearly complies with the clear language of § 1447(c) and the congressional intent regarding removal actions. Indeed, the Court can find no case or statute which prevents a party from amending the motion to remand while it is pending. This is especially true in light of the well established rule that in analyzing the removal statutes, the Court must focus on the language of the statute keeping in mind that the removal statutes must be construed narrowly in deference to state court jurisdiction."

### Conclusion

The three day grace period of Fed.R.P. 6(e) does not apply to a motion to remand.

This matters not, because the court is allowed to determine all procedural defects which are raised while the timely motion to remand was under advisement. The Motion for Reconsideration of Remand Order is DENIED.