**Gloria Washington JONES, Plaintiff,**

v.

**GENERAL ELECTRIC CAPITOL CORPORATION, et al., Defendants.**

**No. CIV.A. 3:03CV512LN.**

United States District Court, S.D. Mississippi, Jackson Division.

July 22, 2003.

---

John W. Boling, Christopher M. Falgout, Meridian, MS, for Plaintiff.

Kelsey L. Rushing, Blackmon & Blackmon Law Firm, Canton, MS, William F. Goodman, Jr., Jimmy Fred Spencer, Jr., Susan Latham Steffey, Michael W. Ulmer, Watkins & Eager, Jackson, MS, David Collins Owen, Columbus, MS, Catherine H. Jacobs, Ocean Springs, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, Chief Judge.

This cause is before the court on the motion of cross-plaintiff GCS, Inc. to remand pursuant to 28 U.S.C. § 1447. Cross-defendant DirecTV has responded in opposition to the motion and the court, having considered the memoranda of authorities submitted by the parties, concludes that the motion is not well taken and should be denied.

On November 1, 2001, Gloria Jones and twenty-six other plaintiffs filed suit in the Circuit Court of Holmes County against General Electric Capitol Corporation, GCS and DirecTV alleging, *inter alia*, fraud, negligence and breach of the duty of good faith and fair dealing arising out of loan transactions among the parties. Those plaintiffs voluntarily dismissed that action on May 30, 2002, and two weeks later, on June 14, 2002, Jones filed her own separate complaint in Holmes County Circuit Court, asserting claims against defendants which were similar to those in the earlier complaint.

On July 16, 2002, defendants removed Jones' lawsuit to federal court on the basis of diversity jurisdiction, contending that GCS, a Mississippi defendant, had been fraudulently joined and that the amount in controversy exceeded the $75,000 minimum for federal diversity jurisdiction under 28 U.S.C. § 1332. Following removal, GCS answered Jones' complaint and contemporaneously filed a cross-claim against DirecTV, alleging that DirecTV had breached various duties owed to GCS as a DirecTV agent.[1] The case was remanded to state court on August 20, 2002 based on a stipulation by Jones that she sought and would accept no more than $75,000 in damages.

On April 4, 2003, an agreed partial judgment of dismissal was entered in the state court action, dismissing Jones' claims against all the defendants and leaving pending only GCS's cross-claim. On April 10, 2003, DirecTV removed this remaining claim to federal court on the basis of diversity of citizenship. GCS has moved to remand, asserting that removal was untimely under 28 U.S.C. § 1446(b) and, al-

---

1. GCS alleges that DirecTV breached these duties by committing the wrongful acts alleged in plaintiff's complaint and by refusing to defend GCS from the allegations in the complaint.

ternatively, that diversity of citizenship between parties to a cross-claim does not provide a basis for removal based on diversity jurisdiction.

■ The court finds no merit to GCS's argument that the case was not timely removed in accordance with the one-year time period for removal established by § 1446(b). That section states that a "case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." GCS submits that the one-year removal period began to run on November 1, 2001, when Jones and her original co-plaintiffs first filed suit, and concludes, therefore, that the April 10, 2003 removal was thus untimely. DirecTV argues, though, and in the court's opinion correctly so, that the voluntary dismissal of the original suit rendered that suit a nullity for removal purposes and the one-year removal period began to run anew when Jones filed her subsequent suit on June 14, 2002.

In *Chott v. Cal Gas Corp.*, 746 F.Supp. 1377, 1378 (E.D.Mo.1990), a Missouri district court concluded that a plaintiff's refiling a complaint after a voluntary dismissal created a new action for purposes of the one-year removal period in § 1446(b). In so concluding, the court cited the Fifth Circuit Court of Appeals' decision of *Taylor v. Bunge Corp.*, 775 F.2d 617 (5th Cir.1985), in which the court held that a plaintiff's voluntary dismissal of his earlier suit without prejudice "put the plaintiff in the same legal position in which he would have been had he never brought the first suit." *Taylor*, 775 F.2d at 619.[2]

While the Fifth Circuit's *Taylor* decision did not involve the precise issue present in this case, the decision does support DirecTV's contention that the one-year removal period began running after service of the second complaint. That is, given that the dismissal of the November 1, 2001 complaint placed Jones "in the same legal position in which [she] would have been had [she] never brought the first," it logically follows that the one-year removal period did not begin to run until the second complaint was filed. The court therefore concludes that DirecTV's removal was timely.

■ GCS next argues that, even assuming removal was timely under § 1446(b), remand is nevertheless in order since diversity between parties to a cross-claim may not serve as a basis for removal. Specifically, GCS argues that "in order to determine whether there is diversity, the court must look to the diversity of the original plaintiffs and the original defendants and the citizenship of parties to a cross-claim should not be considered." While this may be true as a general proposition, so that a cross-claim which exists as part of an original action may not be subject to removal, at least not where the alleged basis for jurisdiction is diversity of citizenship,[3] in the court's opinion, that ceases to be the case when the original complaint brought against the parties to the cross-claim is voluntarily dismissed. Upon that occurrence, the sole remaining

---

2. Wright and Miller similarly write that "[a] voluntary dismissal without prejudice leaves the situation as if the action had never been filed." 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2367, at 186. *See also Long v. Board of Pardons and Paroles*, 725 F.2d 306, 306–307 (5th Cir. 1984); *Cabrera v. Bayamon*, 622 F.2d 4, 6 (1st Cir.1980).

3. In a number of cases predating the 1990 amendment to 28 U.S.C. § 1441(c), the Fifth Circuit held that pursuant to § 1441(c), an entire action could be removed where there was diversity of citizenship between the parties to a third-party action and the third-party action stated a separate and independent controversy. *See Jones v. Petty–Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1066 (5th

civil action is that between the cross-plaintiff and cross-defendant who are properly considered to be simply plaintiff and defendant.[4] The court therefore concludes that diversity among the parties to this action may and does give rise to federal diversity jurisdiction, and GCS's motion to remand will therefore be denied.

In light of the foregoing, it is ordered that GCS's motion to remand is denied.

Cir.1992); *Carl Heck Engineers v. Lafourche Parish Police*, 622 F.2d 133 (5th Cir.1980). It was assumed that this ruling would apply, as well, to cross-claims. However, in 1990, § 1441(c) was amended to limit removability of a case based on federal jurisdiction over a "separate and independent claim or cause of action" to cases involving federal question jurisdiction, so that § 1441(c) now provides that,

> [w]henever a separate and independent claim or cause of action within the jurisdiction conferred by § 1331 of this title is joined with one or more otherwise nonre-movable claims or causes of action, the entire case may be removed and the district court may determine all the issues therein, or, in its discretion, may remand all matters in which state law predominates.

Thus, it has been held that while diversity jurisdiction will no longer support removal of a cross-claim under § 1441(c), a cross-claim over which there is federal question jurisdiction may be removable. *See Acme Brick Co. v. Agrupacion Exportadora de Maquinaria Ceramica*, 855 F.Supp. 163, 165 (N.D.Tex.1994). Given that here, the only putative basis for removal of the cross-claim is diversity jurisdiction, the claim was not removable until such time as the original complaint was dismissed.

4. The parties have offered no relevant authority on this issue, and there is little authority directly on point, but that which does exist fully supports this conclusion. *See, e.g., Hanna v. Miller*, 163 F.Supp.2d 1302 (D.N.M. 2001) (denying motion to remand, and holding that cross-claim as to which there was diversity jurisdiction became removable when

original complaint was voluntarily dismissed by plaintiffs following settlement with defendants, leaving only the cross-claim at issue); *see also Service Asset Management Company v. Hibernia Corp.*, 80 F.Supp.2d 626 (E.D.Tex. 2000) (implying, though not explicitly holding, that a cross-claim which had not theretofore been removable, became removable on the basis of diversity jurisdiction when the original complaint brought against the defendants by the original plaintiff in the action was voluntarily dismissed, but remanding the case because the removal was effected more than a year after the original complaint was filed so that removal was untimely under 28 U.S.C. § 1446(b)).

In a related vein, the court in *Pierce v. Perlite Aggregates, Inc. et al.*, 110 F.Supp. 684, 687 (N.D.Cal.1952), wrote as follows:

> Ordinarily, when the original claim in connection with which a cross-claim arises is dismissed for lack of jurisdiction, the dismissal carries with it the cross-claim. An exception, however, occurs where the cross-claim, is supported by 'independent jurisdictional grounds'.

*Pierce*, 110 F.Supp. 684, 687 (N.D.Cal.1952) (citing 3 Moore's Federal Practice, 2 ed., § 13.36, page 98). *See also* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1433, at 258 ("[T]he dismissal of the original suit or of a counterclaim therein for lack of subject matter jurisdiction will require the court also to dismiss the cross-claim, unless that claim is supported by an independent basis of federal jurisdiction").