United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 12, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

No. 03-30161

EDWARD R DRURY,

Plaintiff - Appellant,

versus

UNITED STATES ARMY CORPS OF ENGINEERS; ET AL,

Defendants,

JIM SMITH CONTRACTING COMPANY INC,

Defendant - Appellee.

Appeal from the United States District Court
For the Eastern District of Louisiana

Before JONES, EMILIO M. GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:

Appellant, Edward R. Drury ("Drury"), appeals the district court's summary judgment

dismissal of his state tort and 42 U.S.C. § 1983 claims against Appellee, Jim Smith Contracting Co.

("Smith"). The district court concluded Drury's claims were time-barred. LA. REV. STAT. ANN. §

9:5624 ("When private property is damaged for public purposes any and all actions for such damages

are prescribed by the prescription of two years, which shall begin to run after the completion and acceptance of the public works."). We review a district court's grant of summary judgment *de novo*. *Travelers Cas. & Sur. Co. of Am. v. Baptist Health Sys.*, 313 F.3d 295, 297 (5th Cir.2002).[1]

Drury alleges that Smith's work on behalf of the United States Army Corps of Engineers ("United States") damaged Drury's property. On May 22, 1995, Drury filed suit against the United States under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2671 et seq. On March 7, 1996, Drury amended his complaint to include state and federal claims against Smith. The district court concluded the two-year statute of limitations accrued on April 4, 1993, the latest date by which Smith was off Drury's land. *See* § 9:5624 (requiring Drury to file claims within two years). Both the original FTCA claim and the amended claim were filed more than two years after the prescriptive period had run. Drury argues his mandatory FTCA administrative claim, which was filed on May, 15, 1994, interrupted prescription regarding the third party tort claims against Smith.

Louisiana law allows interruption of prescription when actions are commenced "in a court of competent jurisdiction and venue." LA. CIV. CODE art. 3462 ("article 3462"). Interruption is also appropriate "when one acknowledges the right of the person against whom he had commenced to prescribe." LA. CIV. CODE art. 3464 ("article 3464"). In this case, Drury argues only that the filing of an FTCA administrative claim constitutes a suit in a court of competent jurisdiction under article 3462.[2]

---

[1]Both the state tort claims and the § 1983 claim are governed by state prescription law. *See Braden v. Texas A&M Univ. Sys.*, 636 F.2d 90, 92 (5th Cir. 1981) ( Section 1983 has no statute of limitations period, thus federal courts apply the state prescription statute governing most analogous cause of action). If Drury's state claim is time-barred, his federal claim is also time-barred.

[2]Under Louisiana law, when solidary liability exists between two or more parties, "[i]nterruption of prescription against one joint tortfeasor is effective against all joint tortfeasors." LA. CIV. CODE art. 2324(C).

Drury urges this Court to extend the reach of article 3462 to include federally required administrative claims. Drury contends that workers' compensation cases support this result. *See Andrews v. Strauss*, 2002 WL 31375610 at *4 (E.D. La. Oct. 18, 2002) (holding that federal workers' compensation claims interrupt prescription period for tort claims against third parties); *Murry v. Aran Energy Corp.*, 1995 WL 510083 at *2 (E.D. La. Aug. 24, 1995) (same); *Scott v. Sears, Roebuck and Co.*, 778 So.2d 50 (La. Ct. App. 1st Cir. 2000) (filing of state workers' compensation claim equivalent of suit under article 3462); *Gray v. Mounir*, 746 So.2d 746, 749 (La. Ct. App. 3d Cir. 1999) (same).

On the other hand, prior cases hold that federal administrative claims filed with the Equal Opportunity Employment Commission (EEOC), as required by Title VII, 42 U.S.C. § 2000e-5(f), do not interrupt prescription for state law claims. *See Taylor v. Bunge Corp.*, 775 F.2d 617, 618-19 (5th Cir. 1985); *Fussell v. Bellsouth Communications, Inc.*, 1998 WL 12229 at *2 (E.D. La. Jan. 8, 1998) ("The Fifth Circuit has clearly stated that the filing of an EEOC charge does not toll, interrupt, or suspend prescription with regard to a plaintiff's state law claims."); *Roth v. N.J. Malin & Assoc.*, 1998 WL 898367 at *5 (E.D. La. Dec. 21, 1998) ("[T]he case law . . . has consistently held that the filing of an EEOC charge does not toll, interrupt, or suspend prescription with regard to a plaintiff's state law claims.") (internal quotations omitted); *Brouillette v. Transamerican Refining Corp.*, 1995 WL 683869 at * 4 (E.D. La. Nov. 11, 1995) ("Plaintiff's federal and state law claims are not embodied in the same legislative scheme . . . . Consequently, plaintiff's filing of administrative proceedings did not operate to toll or suspend t he prescriptive period on plaintiff's state law claims."); *Weathersby v. Jacquet*, 813 So.2d 1135, 1140 (La. Ct. App. 3d Cir. 2002) ("Neither do we find merit in any assertion that a claim under federal law would in any way interrupt state law

prescriptive periods."). In addition, we have previously questioned whether an administrative claim can toll a state prescription period. *See Fitzgerald v. Secretary U.S. Dep't of Vet. Affairs*, 121 F.3d 203, 210 (5th Cir. 1997) ("Fitzgerald points to no authority for the proposition that the filing of an administrative complaint against the Secretary interrupts the prescription period.").

No precedent or statute establishes that Drury's federal FTCA claim against the United States interrupts prescription of the state tort claims against Smith. We conclude that Drury's FTCA claim did not toll prescription of his third party state tort claim against Smith. *Cf. Taylor*, 775 F.2d at 618-19. Accordingly, Drury's claims against Smith were filed in excess of the two-year prescription period and are time-barred. We AFFIRM the district court.