United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10578
Conference Calendar

_____

EDWIN BERNARD PERKINS,

                                        Plaintiff-Appellant,

versus

GARY JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; MAC SPRINGFELLOW, Chairman, Texas
Department of Criminal Justice; JOHN CORNYN, Attorney General of
Texas,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CV-1762-R
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Edwin Bernard Perkins, Texas inmate # 699746, has filed a

motion in this court to proceed in forma pauperis ("IFP") in the

appeal of the denial of his motion to reinstate his civil rights

complaint.  In the belief that his May 14, 2004, notice of appeal

was not effective, Perkins filed a "Motion to Relinquish Appeal."

Because Perkins's May 14, 2004, notice of appeal is effective, we

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

DENY as unnecessary the "Motion to Relinquish Appeal." See FED. R. APP. P. 4(a)(4)(B)(i).

The district court dismissed Perkins's complaint without prejudice under FED. R. CIV. P. 41(a) pursuant to Perkins's motion for voluntary dismissal, and it denied his motion to reinstate the complaint. The district court certified that, pursuant to 28 U.S.C. § 1915(a)(3) and FED. R. APP. P. 24(a)(3), Perkins's appeal of the denial of the motion to reinstate was not taken in good faith.

In his IFP motion, Perkins argues that the district court erred in refusing to reinstate his complaint. He contends that the statute of limitations will bar him from pursuing some of his claims. Perkins states that he delayed in moving to reinstate his complaint because he was under a legal disability, and he contends that he has acted in good faith and that the defendants would not be prejudiced were the complaint reinstated.

Under FED. R. CIV. P. 41(a), the voluntary dismissal of an action completely terminates the litigation, without further order by the district court. See Long v. Bd. of Pardons and Paroles of Texas, 725 F.2d 306, 306 (5th Cir. 1984). "A voluntary dismissal without prejudice leaves the situation as if the action had never been filed. After a dismissal the action is no longer pending in the court and no further proceedings in the action are proper." Id. at 307 (internal quotation marks and

citation omitted).  It is not error for a district court to refuse to reactivate a finally dismissed former action.  See id.

Perkins has not shown that he will raise a nonfrivolous issue on appeal or that the district court erred in certifying that his appeal was not taken in good faith.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Accordingly, Perkins's motion for leave to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous.  See Baugh v. Taylor, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  Perkins is WARNED that, if he accumulates three "strikes" pursuant to 28 U.S.C. § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

MOTIONS DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED.