**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 05-7935**

─────────────

CECIL EDWARD JACKSON,

                      Plaintiff - Appellant,

     versus

UNITED STATES OF AMERICA,

                      Defendant - Appellee.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (CA-97-261-3)

─────────────

Submitted: August 3, 2007        Decided: August 17, 2007

─────────────

Before NIEMEYER and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Vacated and remanded by unpublished per curiam opinion.

─────────────

Cecil Edward Jackson, Appellant Pro Se. James Michael Sullivan, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cecil Edward Jackson appeals a district court order denying his Fed. R. Civ. P. 60(b)(4) motion. We granted a certificate of appealability on the issue of whether the district court erred denying the motion as untimely and not vacating that part of the order dismissing the 28 U.S.C. § 2255 (2000) motion with prejudice and requiring Appellant receive authorization from this Court before filing another § 2255 motion. The Government filed an informal brief in which it admits the court erred. We vacate the order denying Jackson's Rule 60(b)(4) motion and remand for further proceedings.

In April 1997, Jackson filed a § 2255 motion. Before the Government answered or filed a motion, Jackson moved for voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(i). On June 4, 1997, the district court granted the motion and dismissed the § 2255 motion with prejudice and instructed Jackson that he must seek authorization from this court under 28 U.S.C. § 2244 (2000) before filed a second such motion.

Nearly seven years later, Jackson filed a motion for relief from judgment under Rule 60(b)(4). The district court denied the motion, finding the § 2255 motion was filed beyond the one year limitations period ending April 24, 1997. The court also found Jackson's Rule 60(b) motion was not brought within a reasonable time and dismissed it as untimely.

We review the denial of a Rule 60(b)(4) motion de novo. See Compton v. Alton S.S. Co., 608 F.2d 96, 107 (4th Cir. 1979). A voluntary dismissal under Rule 41(a)(1)(i) is "a matter of unconditional right and is self-executing, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is required." In re Matthews, 395 F.3d 477, 480 (4th Cir. 2005) (internal quotation marks omitted). A voluntary dismissal acts of if no action was brought at all. Id. After an action is voluntarily dismissed, the court "lacks authority to conduct further proceedings on the merits." Id. at 480. "[A] judgment on the merits that is entered after the plaintiff has filed a proper 41(a)(1) notice of dismissal is indeed void." Marques v. Federal Reserve Bank, 286 F.3d 1014, 1018 (7th Cir. 2002).

Thus, the district court's order granting Jackson's motion for voluntarily dismissal under Rule 41(a)(1) was in error, because the case was dismissed with the filing of Jackson's motion.[1] See, e.g., Long v. Board of Pardons & Paroles of Texas, 725 F.2d 306, 306-07 (5th Cir. 1984) (petitioner's voluntary dismissal of habeas petition completely terminated earlier action without further order of the court). In addition, the district court's order dismissing Jackson's § 2255 motion with prejudice was

---

[1]The fact that Jackson filed a motion for dismissal rather than a notice of dismissal is not relevant. Williams v. Ezell, 531 F.2d 1261, 1263 (5th Cir. 1976). Jackson cited Rule 41(a)(1) in his motion and the motion was filed prior to any response by the Government.

void. Moreover, that part of the order advising Jackson that he has to receive authorization from this Court under § 2244 prior to filing another § 2255 motion was in error because a voluntary dismissal is not an adjudication on the merits. See United States v. Sosa, 364 F.3d 507, 510 n.2 (4th Cir. 2004).

Jackson's Rule 60(b)(4) motion challenging the district court's June 4, 1997, dismissal order was not untimely. Motions attacking a judgment as void under Rule 60(b)(4) have no time limit. See Jackson v. FIE Corp., 302 F.3d 515, 523-24 (5th Cir. 2002). A void judgment does not acquire validity merely by the passage of time. Id. at 523 n.23; see also Foster v. Arletty 3 Sarl, 278 F.3d 409, 414 (4th Cir. 2002) (while not specifically adopting this rule, this Court has cited with agreement cases finding that a Rule 60(b)(4) motion "contains little, if any, time limit.").

Thus, the district court order dismissing Jackson's § 2255 motion was void because Jackson's motion for dismissal under Rule 41(a)(1)(i) ended the case when the motion was filed. The district court should have granted Jackson's Rule 60(b)(4) motion. The practical result of the district court's order dismissing his § 2255 motion with prejudice is that Jackson may be barred from raising any of those claims in a subsequent § 2255 motion. In addition, Jackson must seek authorization from this court to file

- 4 -

a § 2255 motion despite the fact he has not had one properly dismissed on the merits.

Accordingly, we vacate the district court's order denying the Rule 60(b)(4) motion and remand to the district court. On remand, the district court should grant the Rule 60(b)(4) motion and vacate its June 4, 1997, order. Jackson's § 2255 motion should be considered dismissed without prejudice as a result of his Rule 41(a)(1)(i) motion seeking a voluntary dismissal.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[2]As a result, Jackson will not need authorization from this court to file a § 2255 motion. However, this decision will have no effect on whether any future § 2255 motion filed by Jackson will be timely.

- 5 -