# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 20, 2008

Charles R. Fulbruge III
Clerk

No. 07-50705
Conference Calendar

EDWIN BERNARD PERKINS

Plaintiff-Appellant

v.

GARY JOHNSON, Individually/Official Capacity as EXECUTIVE DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE; DOUGLAS DRETKE, Individually/Official Capacity as DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE; TEXAS ATTORNEY GENERAL GREG ABBOTT, Individually/Official Capacity as Attorney General of State of Texas; TEXAS TECHNICAL UNIVERSITY HEALTH SCIENCE CENTER; NANCY MITCHELL; DANA BUTLER; UNIVERSITY OF TEXAS MEDICAL BRANCH at GALVESTON; TEN UNKNOWN NAMED CORRECTIONAL OFFICIALS, Individually/Official Capacity as Texas Department of Criminal Justice - Institution Division Employees

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CV-226

Before KING, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Edwin Bernard Perkins, Texas prisoner # 699746, moves for leave to proceed in forma pauperis (IFP) on appeal following the dismissal of his civil rights action as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and the district court's certification that his appeal was not taken in good faith. Perkins contends that the district court erred by holding him to a heightened pleading standard and dismissing his action without first allowing him to develop the factual basis for his complaint. He contends that his action was not frivolous, but he provides only conclusional allegations of constitutional violations.

Prisoners pursuing civil rights actions do not have a heightened pleading standard as to their initial complaints beyond the notice pleading standards of FED. R. CIV. P. 8. Schultea v. Wood, 47 F.3d 1427, 1433-34 (5th Cir. 1995) (en banc). However, a district court may conduct a hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), or use some other procedural device before any responsive pleadings are filed to determine whether a prisoner's complaint should be dismissed as frivolous. Schultea, 47 F.3d at 1434.

Conclusional allegations do not give rise to constitutional claims. Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990). Perkins has not indicated any factual basis for his claims that could have been developed any further, and he has not demonstrated that the district court abused its discretion by not holding a Spears hearing or using a similar procedural device in his case. See Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994).

Perkins's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). His IFP motion is denied and his appeal is dismissed. See 5TH CIR. R. 42.2.

The district court's dismissal of Perkins's action and this court's dismissal of his appeal count as two strikes under § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Perkins accumulated one more strike in another case resulting in an appeal that was dismissed as frivolous. See Perkins

v. Johnson, 118 F. App'x 824, 825 (5th Cir. 2004). As Perkins has now accumulated three strikes, he is barred from proceeding IFP pursuant to § 1915 while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

IFP DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.