# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 8, 2010

No. 09-40923
Summary Calendar

Charles R. Fulbruge III
Clerk

CARL PEACOCK

Plaintiff-Appellant

v.

J.A.M. DISTRIBUTING, INC.

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas, Beaumont Division
USDC No. 9:08-cv-00229

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Appellant Carl Peacock appeals from an order denying his motion for relief from judgment. Finding no abuse of discretion, we affirm.

Appellant brought suit claiming discrimination based on race. His suit was dismissed by the district court pursuant to Fed. R. Civ. P. 12(b)(6) on August 25, 2009, because the suit was not timely filed within the statutory limit. Thereafter, on August 28, Peacock filed his "motion to reconsider" which was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40923

properly characterized as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). Peacock's motion, however, did not raise any new grounds concerning the statute of limitations issues which were the basis for the August 25 dismissal. The "motion to reconsider" was denied on September 8, 2009. Peacock's notice of appeal specifically and only references an appeal from the September 8, 2009 order denying his motion for relief from judgment. Accordingly,the issue which this Court can review is the September 8, 2009 order. We have no jurisdiction to review the merits of the underlying judgment or any other judgment or issues save the ruling on Peacock's motion to reconsider. *Pope v. MCI Telecomm. Corp.*, 937 F.2d 258, 266 (5th Cir. 1991).

Peacock's brief on appeal is almost entirely devoted to his assertion that he has suffered discrimination at the hands of Appellee and relates to the merits of the judgment of August 25, 2009, which is not before us. To the extent that Peacock's pro se brief, which we liberally construe, suggests that a previous suit involving the same claim which was dismissed without prejudice for want of prosecution, tolled the limitations period or undermines the order denying his motion to reconsider, such arguments are unavailing. This tolling argument was not made in the motion to reconsider and, in any event, a timely filed Title VII suit dismissed for want of prosecution does not toll the 90-day limitations period. *Price v. Digital Equipment Corp.*, 846 F.2d 1026, 1027 (5th Cir. 1988) (citing *Taylor v. Bunge Corp.,* 775 F.2d 617, 618 (5th Cir. 1985)). Peacock has not shown any shortcomings in the order appealed from and certainly no abuse of discretion. The order denying the motion to reconsider under Fed. R. Civ. P. 60(b) relief is AFFIRMED, and therefore the judgment is also AFFIRMED. Any and all other relief whether requested by Appellant or Appellee is denied, save for the cost on appeal, which the Clerk is to assess against Appellant.