# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 16, 2013

Lyle W. Cayce
Clerk

No. 13-30238
Summary Calendar

ISAAC JORDAN,

Plaintiff - Appellant

v.

CLECO CORPORATION,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:11-CV-1701

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Isaac Jordan challenges the district court's grant of summary judgment to his employer Cleco on claims of failure to promote, discrimination, retaliation, and hostile work environment in violation of 42 U.S.C. § 1981. Finding no reason to alter the sound reasoning of the district court, we AFFIRM.

We review grants of summary judgment *de novo*, applying the same standard as the district court. *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010). Summary judgment is appropriate when "there is no genuine dispute as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. "'[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy' the nonmovant's burden [on] summary judgment." *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (quoting *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996)).

Appellant first contests the district court's ruling on a failure to promote claim. Jordan alleges he was not selected in 2006 (three years before he filed this suit) for a promotion from Fuel Handler to a Supervisor-Field Maintenance position because of his race.[1] This claim fails for multiple reasons. The prescription period here under § 1981 is one year, *Taylor v. Bunge Corp.*, 775 F.2d 617, 618 (5th Cir. 1985), and Jordan offered the district court only conclusory statements for an extension to four years under the 1991 Amendments. *See generally Jones v. R.R. Donnelly & Sons Co.*, 541 U.S. 369, 124 S. Ct. 1836 (2004). The same error is repeated on appeal. Moreover, under the burden-shifting scheme set forth in *McDonnell Douglas*, Appellant failed to show pretext after Cleco produced a non-discriminatory basis for its hiring decision. *See Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 316–17 (5th Cir. 2004) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973)).

Jordan next challenges adverse rulings on his racial discrimination and retaliation claims. The district court held the discrimination claim—based on a lack of training/opportunity provided—both prescribed and without merit. Because prescription was not challenged on appeal, that claim is waived. The district court also rejected the related claim of retaliation due to a lack of evidence. To state a retaliation case, a plaintiff must demonstrate he engaged in a protected activity and suffered an adverse employment action as a result.

---

[1] Jordan also makes a brief statement concerning not being promoted in 2002 from Fuel Handler to Senior Fuel Handler. The district court treated this claim as prescribed and that holding is not appealed here. The Senior Fuel Handler argument is waived.

*McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007).   Jordan argues the lack of training constituted an adverse employment action, but his appellate brief does not indicate the protected activity for which he claims retaliation.  His deposition testimony indicates the activity was the filing of his lawsuit.     Because the alleged adverse employment action—lack of training—occurred prior to the protected activity—filing of the lawsuit—there is no evidence of a materially adverse employment consequence,  and the retaliation claim fails.

Appellant's final argument is that he was subjected to a hostile work environment.  To succeed on this contention, a plaintiff must show (1) he is a member of a protected group; (2) was subjected to unwelcome harassment; (3) based on race; (4) that was so severe as to affect his employment; and (5) the employer knew/should have known about the harassment and failed to take prompt remedial action.  *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002).  Appellant correctly notes that an on-going violation may extend the limitation window for considering evidence concerning the hostile work environment.  Jordan fails, however, to link the past activities with a present violation against him and does not account for the affirmative actions taken by Cleco to correct alleged violations.  Anecdotal evidence of coarse racial jokes and generally inappropriate behavior is offered, but the district court correctly held that the isolated incidents failed to show an effect on his employment.  *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S. Ct. 2275, 2283 (1998).  While certain incidents could have given rise to a claim, the only interference with work performance mentioned on appeal is the denial of opportunity for advancement.  This argument merely seeks to revive the previous claim and there is no indication that it affected Jordan in the  performance of his duties.  Appellant cannot, therefore, make out a successful claim for a hostile work environment.  *See EEOC v. WC&M Enters.*, 496 F.3d 393, 399 (5th Cir. 2007).

In sum, Appellant offers this court little more than untimely and conclusory allegations unable to survive summary judgment. The judgment of the district court is **AFFIRMED**.